## 46643. OLD REPUBLIC LIFE INSURANCE COMPANY v. BANKS.

Hall, Presiding Judge. In an action to collect benefits under a policy, defendant insurance company appeals from the judgment and from the denial of its motion for new trial. The verdict and judgment included not only the

medical, surgical and hospital bills incurred, but a penalty for bad faith refusal to pay and attorneys' fees.

The complaint alleged facts which would entitle plaintiff to recover under the terms of the policy. It also set out the expenses incurred and alleged proper demand and refusal to pay. The answer merely denied that the injury treated occurred as a result of the fall described in the complaint and therefore while the policy was in force. The defendant offered no evidence at the trial.

1. On its motion for new trial, the defendant raised for the first time the issue that plaintiff had failed to prove that the expenses incurred fell within the many technical limitations on payment found in the policy, i.e. State Medical Association Relative Value Study, median semi-private room rate, etc. We find all the enumerations dealing with these matters to be without merit. Nothing in the prior negotiations, the defensive pleadings or the conduct of the trial indicated that defendant intended to question the propriety or the amount of the expenses. Indeed it appears that these were admitted, the defendant simply contending that the plaintiff's alleged injury was not within the coverage of the policy.

2. The enumerations concerning the burden of proof on coverage are also without merit. The evidence made a prima facie case and defendant offered no rebuttal.

3. Defendant contends that plaintiff's mother, who appears in this suit as next friend, assigned the benefits under the policy to the hospital; therefore the hospital is the only proper party to a suit on the policy. The record shows that plaintiff's mother signed what she believed to be an authorization to pay the benefits directly to the hospital, but when the insurance company denied liability, the hospital billed and has accepted payments from plaintiff's parents. It is clear by their respective acts that neither the insurance company nor the hospital consented to any purported assignment she may have made and it is doubtful she had the power to make an assignment of her son's rights in any event. The "transaction"

was, at best, incomplete.

4. Defendant contends there was no evidence of bad faith; and that in denying liability it relied upon a doctor's statement that plaintiff had a pre-existing condition. However, defendant did not offer this purported statement, or any other fact which would rebut plaintiff's testimony that there was no pre-existing condition. Defendant points to a letter written by plaintiff's lawyer, apparently in response to a letter from defendant, asking for an explanation of what kind of statement it had. This certainly does not prove there was ever such a statement. The jury could have properly inferred that none existed and that refusal to pay was made in bad faith. See *Code* § 38-119.

5. Defendant contends the court erred by denying it the closing argument when it had not presented any evidence, and that this error is presumptively harmful. Since the evidence does not demand the finding of bad faith, the court erred in denying the defendant's request for closing argument. *Canada Dry Bottling Co. v. Campbell*, 112 Ga. App. 56 (143 SE2d 785); *Moore v. Carey*, 116 Ga. 28 (5) (42 SE 258); *Auto Mut. Indemn. Co. v. Campbell*, 56 Ga. App. 400 (196 SE 640).

*Judgment reversed: Eberhardt and Clark, JJ., concur.*
SUBMITTED OCTOBER 5, 1971—DECIDED JANUARY 6, 1972.

*Bruce D. Dubberly, B. Daniel Dubberly, Jr.,* for appellant.
*Cowart & Cowart, Carroll L. Cowart,* for appellee.

