The **ATLANTA COCA–COLA BOTTLING COMPANY**

v.

**TRANSAMERICA INSURANCE COMPANY.**

Civ. A. No. 15112.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 10, 1972.

See also, D.C., 61 F.R.D. 120.

---

5.  456 F.2d 831.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

The discovery disputes between the parties have been submitted to the court on the basis of a stipulation setting forth the contentions and arguments of the parties regarding the interrogatories on which they were unable to agree. With few exceptions the court's ruling requires that both parties supply the discovery requested of them.

This action arises out of an insurance policy, issued to plaintiff by defendant. A claim was made by plaintiff for certain sums allegedly fraudulently taken from Coca-Cola vending machines by the employees of plaintiff who were servicing these machines in the course of their employment. The claim was denied and this action ensued.

■ I. The first discovery dispute concerns plaintiff's interrogatories numbers 8(d), (e), (f), (h) and 12(d), (e), (f) and (h). In its answer to interrogatories numbers 7 and 11, defendant states that it obtained various documents from plaintiff and from the Johnson-Higgins Agency, as agent for plain-

tiff, in connection with its investigation and consideration of plaintiff's claim for indemnification for the loss described in the complaint. These interrogatories seek the following information with respect to those documents:

(a) The identity of the representative of defendant who obtained them;

(b) The identity of the person from whom they were obtained;

(c) The date upon which they were obtained;

(d) The identity of the employees and representatives of defendant who, at any time prior to January 1, 1970 (the approximate date on which plaintiff's claim was denied), had actual possession of such documents or copies thereof, together with the date upon which such possession initially was obtained.

Defendant seeks to avail itself of Rule 33(c), Fed.R.Civ.P. and produce the documents themselves instead of answering the interrogatories. However, as it is obvious that the documents alone do not supply the information requested, defendant is hereby ORDERED to answer interrogatories numbers 8(d), (e), (f) and (h).

Defendant is not required, however, to answer interrogatory number 12, as answer thereto was sought *only* if the answer to interrogatory number 11 was in the affirmative. Interrogatory number 11 asked whether any documents had been received from any person or entity *other than plaintiff*. Defendant responded in the negative, on the ground that all information received through the Johnson-Higgins Agency, as agent for plaintiff, was actually received from plaintiff. Such answer is supported by the record; accordingly, no further response to plaintiff's interrogatory number 12 is required.

■ II. A dispute has arisen as to plaintiff's requests regarding the docu-

ments evidencing defendant's investigation of plaintiff's claim.

(a) Interrogatory number 16(c) requests defendant to identify in specified particulars the various documents which show the nature and scope of its investigation, review, consideration and rejection of plaintiff's claim for indemnification.

(b) Interrogatory Nos. 20 and 23(b) request defendant to identify in specified particulars the documents which were in the possession of the various persons involved in the decision-making process which preceded and culminated in the denial of plaintiff's claim, at the time such decision(s) were made.

(c) Interrogatory No. 26(b) requests defendant to identify in specified particulars the documents evidencing and resulting from defendant's investigation of plaintiff's claim.

Plaintiff states that it seeks such information to support its allegation that defendant's denial of its claim was without reasonable cause and in bad faith. There is authority for plaintiff's contention that where a defendant insurer denies the claim of its insured upon inadequate evidence or upon only a perfunctory investigation, the jury may properly infer that such refusal to pay was made in bad faith. *See* Reserve Life Ins. Co. v. Ayers, 217 Ga. 206, 212–214, 121 S.E. 2d 649 (1961); Old Republic Life Insurance Co. v. Banks, 125 Ga.App. 265, 187 S.E.2d 333 (1972). The information sought will to some degree demonstrate the thoroughness with which defendant investigated and considered plaintiff's claim and thus is relevant to the question of the good or bad faith of defendant in denying the claim.

Defendant's original objection to these interrogatories was that they seek confi-

dential and privileged information.[1] However, defendant's argument as set out in the stipulation relies instead upon the Rule 26(b)(3) protection given to trial preparation materials. That rule provides that documents and tangible things "prepared in anticipation of litigation or for trial" are discoverable only upon a showing of substantial need and undue hardship. The significant fact in this regard is that the information and materials sought by plaintiff are specifically limited to those compiled by defendant *prior* to January 1, 1970, the date of denial of plaintiff's claim.

Defendant cites Southern Railway Co. v. Lanham, 403 F.2d 119 (5th Cir. 1968), for the proposition that courts should not order discovery of reports which reflect the mental impressions and personal evaluation of claim agents. That case, however, is not controlling of the present situation. In *Lanham*, the reports in question were drawn up following an accident on the railroad and were used by the railroad in evaluating the strength of its case for the litigation which generally follows such accidents. Although routinely prepared by the railroad investigators following all accidents, such reports were extraordinary to the extent that railroad accidents are unusual in the railroad's affairs, and they were certainly prepared with an eye to litigation.

■ In contrast, the evaluation of claims of its policyholders is the regular, ordinary and principal business of defendant insurance company. Most of such claims result in payment by the defendant; it can hardly be said that the evaluation of a routine claim from a policyholder is undertaken in anticipation of litigation, even though litigation often does result from denial of a claim. The obviously incongruous result of the position urged by defendant would be

that the major part of the files of an insurance company would be insulated from discovery.

Banks v. Lockheed-Georgia Co., 53 F.R.D. 283 (N.D.Ga.1971), relied upon by defendant, is likewise inapposite. The public policy to encourage frank self-criticism and evaluation which was held to protect from discovery certain Equal Employment Survey Team Reports does not apply to documents prepared in the normal course of the defendant's business of investigating claims of its policyholders.

■ III. The third area of dispute centers around plaintiff's Interrogatory No. 40:

If defendant contends that the loss and damage to plaintiff described in the complaint is excluded from coverage under Section 2(b) of the "Exclusions" contained in the policy, please state with particularity:

(a) Each item, type of item, product and type of product which constitute "inventory" of plaintiff in defendant's application of Section 2(b) to the facts shown by plaintiff's claim.

(b) Identify and describe each document and type of document utilized by plaintiff to prove its covered loss, or the amount thereof which constitutes an "inventory computation" in defendant's application of Section 2(b) to the facts shown by plaintiff's claim.

(c) Each "profit and loss computation" which defendant contends was made by plaintiff in its claim.

(d) Identify and describe each document and type of document utilized by plaintiff to prove its covered loss, or the amount thereof,

---

1. The parties have stipulated that if the Court concludes that plaintiff would be entitled to have a particular document produced, in whole or in part, defendant will produce the document without the need to a request for production.

which constitutes a "profit and loss computation" in defendant's application of Section 2(b) to the facts shown by plaintiff's claim.

It is clear from answers to other interrogatories that the defense to plaintiff's claim is based in part upon Section 2(b) of the "Exclusions" provisions of the insurance policy.[2] Generally, such provision states that the policy does not apply to any loss the proof of which is dependent upon an inventory computation or a profit and loss computation. Defendant objects to the interrogatory on the ground that it seeks to require defendant to define terms critical to the merits of this action and that requiring such a definition would cause prejudice to the defendant by unduly limiting his defense.

The recent revision of Rule 33(b), Fed.R.Civ.P., specifically provides that "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." While plaintiff insists that it seeks to learn only the facts upon which defendant bases its legal opinion, the interrogatory does to some extent seek to elicit an opinion as to the meaning of contract terms. However, as pointed out in the Advisory Committee's Note on this rule, "[R]equests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery." 48 F.R.D. 487 at 524.

Defendant's argument that requiring an answer to this interrogatory would unduly prejudice defendant's position by limiting his defense is likewise resolved by reference to the Note of the Advisory Committee.

"The general rules governing the use of answers to interrogatories is that under ordinary circumstances they do not limit proof. Although in exceptional circumstances reliance on an answer may cause such prejudice that the court will hold the answering party bound to his answer, the interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance. The rule does not affect the power of a court to permit withdrawal or amendment of answers to interrogatories." At 524 [citations omitted].

In light of the foregoing discussion, defendant's objections to plaintiff's Interrogatory No. 40 are hereby overruled.

IV. Plaintiff has objected to Interrogatory No. 42 of defendant's first interrogatories. This interrogatory seeks to know if plaintiff claims that the loss was "money" within the meaning of Section 2(b) of the Exclusions portion of the policy, the facts upon which plaintiff bases the claim that the loss was sustained by the dishonest acts of plaintiff's employees and whether each such fact was presented to defendant in support of the claim and if so when. Plaintiff's response to the interrogatory stated that "The Complaint speaks for itself regarding Plaintiff's claimed loss of money" and that all the information sought was contained in answers to other interrogatories, in particular, Interrogatories Nos. 48–49.

---

2. "Section 2. This Policy does not apply:

   .     .     .     .     .

(b) to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided however, that this paragraph shall not apply to loss of Money, Securities or other property which the Insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees;"

**120**

Defendant is correct in stating that incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory. J. J. Delaney Carpet Co. v. Forrest Mills, Inc., 34 F.R.D. 152 (S.D. N.Y.1963). Plaintiff must therefore make a further answer to that portion of the interrogatory.

As to the remainder of the information sought, the court, having read through the answers to other interrogatories, finds that plaintiff has fully supplied the information in other answers and therefore need not make further answer.

V. The final discovery dispute centers on defendant's request for information regarding plaintiff's present methods of computer processing the data given the company by the routemen servicing the machines at Lockheed, from which the thefts were allegedly made. Plaintiff objects to supplying such information on the well-known principle that corrective measures taken after an event are not admissible to prove negligence or culpable conduct in connection with the event. However, even though the information would clearly be inadmissible at trial, it may very well lead to the discovery of admissible evidence. Accordingly, defendant's motion to compel answer to this interrogatory is hereby granted.

In sum, the court has today granted plaintiff's motion to compel answer to its Interrogatories Nos. 8, 16(c), 20, 23(b), 26(b), and 40. The court has today denied plaintiff's motion to compel answers to its Interrogatory No. 12. The court has granted defendant's motion to compel answers to its Interrogatories Nos. 63 and 64, and granted in part and denied in part defendant's motion to compel answers to its Interrogatory No. 42.

It is so ordered.

