SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

WORLD–WIDE COIN INVESTMENTS, LTD., et al., Defendants.

Civ. A. No. C 81–1642 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 22, 1981.

Joseph L. Grant, Barton S. Sacher and Walter E. Jospin, S. E. C., Atlanta, Ga., for plaintiff.

Oliver Lee and William Harper, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for defendant World-Wide Coin.

C. B. Rogers, Rogers & Hardin, Atlanta, Ga., for defendants Hale and Seibert.

Henry B. Levi, Gambrell, Russell & Mobley, Atlanta, Ga., for defendant Jones.

## ORDER

VINING, District Judge.

This securities fraud action is now before the court on the defendants' motion to compel discovery and motion for sanctions pursuant to Fed.R.Civ.P. 37. In their motion, the defendants request (1) that the court make Messers. Barton Sacher and Walter Jospin, trial counsel for the plaintiff Securities and Exchange Commission, available for depositions, (2) that the court require production of a memorandum prepared by the SEC on July 28, 1981, recommending an enforcement action, and (3) that the court order Mr. Edwin R. Hooten, an investigator for the SEC, to respond to questions with regard to the preparation of his affidavit, which was attached to the SEC's original complaint. The SEC contends that the discovery sought is fully protected within the attorney-client privilege, the governmental privilege, and/or the work product doctrine.

With respect to the defendants' request for production of the staff memorandum of July 28, 1981, this court is of the belief that the work product doctrine contained in Fed.R.Civ.P. 26(b)(3) and the attorney-client privilege protect the memorandum from discovery. Documents prepared before litigation is formally commenced are protected from discovery under Fed.R.Civ.P. 26(b)(3) if, at the time the documents were prepared, there was a substantial possibility that litigation would occur and that commencement of such litigation was imminent. *Home Insurance Company v. Ballenger Corp.*, 74 F.R.D. 93 (N.D. Ga.1977). Memoranda which sets forth an attorney's theory of the case and litigation strategy is protected by the attorney work product rule. *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). In the instant case, the staff memorandum prepared by an employee of the SEC recommending an enforcement action was clearly made in anticipation of

litigation, and as such is protected under the work product rule pursuant to Fed.R. Civ.P. 26(b)(3). Although it is true that the protection of an attorney's work product is not absolute, the court is not persuaded that the defendants have demonstrated a substantial need for the requested staff memorandum. Furthermore, the attorney-client privilege, which protects against disclosure of communications, also protects against the production of the staff memorandum. The communications between Commission attorneys contained in the staff memorandum are the type intended to be protected by the attorney-client privilege, *see Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1980), and the defendants may not require the production of it.

The attorney-client privilege is also applicable to the defendants' request to require Edwin R. Hooten to answer certain questions relating to his communications with counsel at the SEC regarding the investigation of the above-styled case. The questions directed to Mr. Hooten are directed to the substance of his communications with the SEC staff and trial counsel, and as such are communications that are protected by the attorney-client privilege. *Upjohn Co. v. United States, supra.*

Finally, the defendants contend that they have questions regarding the SEC's conduct with respect to the drafting of the affidavit of Edwin R. Hooten and move to depose Messers. Sacher and Jospin, trial counsel for the SEC. The defendants contend that both Messers. Sacher and Jospin are witnesses to facts and circumstances pertaining to the defenses in the case. Even though Sacher and Jospin, as employees of the plaintiff, possibly have knowledge regarding the circumstances underlying the initiation of the complaint in the case, they are trial counsel for the plaintiff as well, and as such, this court does not deem it proper for them to be subjected to depositions. The defendants appear to base their complaint concerning the conduct of Messers. Jospin and Sacher on the basis that Mr. Jospin assisted in the preparation of Mr. Hooten's affidavit and that both

Jospin and Sacher talked with defendant Hale regarding certain documents prior to filing this action. This court is not persuaded that these concerns rise to the level of a substantial need to depose trial counsel for the plaintiff.

Accordingly, the defendants' motion to compel discovery and motion for sanctions are hereby DENIED.