In re INTERNATIONAL HORIZONS, INC., Debtor.

AMERICAN–AMICABLE LIFE INSURANCE COMPANY, Plaintiff,

v.

INTERNATIONAL HORIZONS, INC., Robert A. Parker, Trustee, Eddie Upchurch, Administrator of the Estate of David N. Smith, Henry S. Woodbridge, as Trustee Under An Irrevocable Trust Agreement Dated October 2, 1974, Defendants.

Bankruptcy No. 81–01231A.
Adv. No. 82–2490A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 9, 1983.

William E. Turnipseed, Savell, Williams, Cox & Angel, Atlanta, Ga., for plaintiff.

Mark S. Kaufman, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Intern. Horizons, Inc.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the plaintiff, American-Amicable Life Insurance Company's (hereinafter referred to as "American-Amicable") January 10, 1983 Motion for Protective Order concerning the defendant, International Horizons, Inc.'s ("IHI") Request for Production of Documents, First Set of Interrogatories, and Notice of Deposition of Mr. William E. Bailey, an insurance investigator. These discovery requests arise out of the plaintiff's October 7, 1982 Complaint for Declaratory Judgment regarding its liability under two life insurance policies insuring the life of David N. Smith. These policies are in the face amount of $3,240,000.00. The plaintiff alleges that these policies have lapsed and not been reinstated or, in the alternative, that these policies are void or voidable because: (1) There were material misstatements in the applications for said policies; (2) The policies were issued due to fraud; (3) Premiums were not paid; and (4) David N. Smith died as a result of suicide. (See Complaint at paragraph 13.)

The issue before the Court concerns the investigatory work of Mr. William E. Bailey. Mr. Bailey is an insurance investigator who is presently employed by the plaintiff's counsel to aid them in their preparation for the trial of this case. During Mr. Bailey's investigation of Mr. Smith's death, he has obtained recorded statements of certain persons with whom he spoke during his investigation and has made reports to American-Amicable's counsel during the course of this investigation. American-Amicable objects to the production of these documents on the following grounds: (1) They constitute trial preparation materials under Federal Rule of Civil Procedure 26(b)(3); (2) These documents contain Mr. Bailey's mental impressions, conclusions and opinions which are privileged from disclosure as trial preparation materials and as work product; and (3) Mr. Bailey's deposition would enable IHI to obtain information not otherwise obtainable for the reasons stated in points (1) and (2) above.

On January 24, 1983, the plaintiff voluntarily produced transcriptions of the recorded statements sought by the defendants. The plaintiff's Motion for Protective Order therefore no longer concerns the issues related to recordings made by Mr. Bailey during the course of his investigation of Mr. Smith's death. Accordingly, this Order will address only the discoverability of Mr. Bailey's investigation reports and whether and to what extent Mr. Bailey may be deposed.

American-Amicable has argued that Mr. Bailey's investigation reports constitute trial preparation materials and work product under *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). IHI has argued that, at the very least, any reports authored by Mr. Bailey from the beginning of his employment with American-Amicable in August of 1982 until October 7, 1982, when American-Amicable filed the above-styled adversary proceeding, thereby denying the claim of IHI, are discoverable. IHI bases this argument on the contention that these reports were not compiled in anticipation of litigation. (See *Atlanta Coca Cola Bottling Company v. Transamerica Insurance Company,* 61 F.R.D. 115 (N.D.Ga.

1972)). IHI also asserts that these reports are discoverable in their entirety because they relate directly to IHI's allegation in its counterclaim that American-Amicable's refusal to pay IHI's claim was made in bad faith. Finally, IHI asserts that reports made after the denial of IHI's claim may be freely discovered to the extent they contain only facts and not Mr. Bailey's mental impressions, conclusions, or theories. This limited scope of discovery is also asserted by IHI regarding its deposition of Mr. Bailey.

Federal Rule of Civil Procedure 26(b)(3) was adopted in 1970 to codify the holding in *Hickman v. Taylor, supra,* [cites omitted]; *Carver v. Allstate Insurance Company,* 94 F.R.D. 131 (S.D.Ga.1982). "In *Hickman,* the Supreme Court created a limited immunity from discovery for the written statements, private memoranda, and personal recollections prepared by an adverse party's counsel in anticipation of litigation." *Id.* at 133. Rule 26(b)(3) of the Federal Rules of Civil Procedure properly extends *Hickman* to materials prepared in anticipation of litigation by the agents of a party's counsel, including an insurance investigator as in the instant case.

In the *Atlanta Coca Cola Bottling Company,* 61 F.R.D. 115 (N.D.Ga.1972), case, the issue before the Court was the discoverability of investigatory reports made before the denial of a claim by an insurance company. The Court in *Atlanta Coca Cola Bottling Company* found that the discovery sought therein concerned the evaluation of claims of Transamerica Insurance Company's policyholders, and that this evaluation is conducted in the regular and ordinary course of an insurance company's business. The Court recognized that even though litigation often results from the denial of a claim, the routine evaluation of a claim is not typically taken in anticipation of litigation. *Atlanta Coca Cola Bottling Company,* at p. 118. The Court recognized that to hold otherwise would unnecessarily insulate an insurance company from discovery. In contrast to the holding in *Atlanta Coca Cola Bottling Company* are the holdings in *Carver v. Allstate Insurance Company, supra,* and *Securities Exchange Commission v.* *Worldwide Coin Investments, Ltd.,* 92 F.R.D. 65 (N.D.Ga.1981).

In *Carver,* Judge Alaimo recognized that not all documents prepared by an insurance company investigating a claim meet the prerequisite to being non-discoverable as being prepared in anticipation of litigation. Judge Alaimo did note, however, that it is in the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation. The question therefore becomes at what point does an insurance company's activity shift from mere claims evaluation to investigation in strong anticipation of litigation.

"This is the point where the probability of litigating the claim is substantial and imminent." [cites omitted] *Carver* at p. 134.

Judge Alaimo concluded that the decision as to whether an insurance company's investigatory documents were "prepared in anticipation of litigation" turns on the facts of each case. The Court in *Worldwide Coin Investments, Ltd.* also recognized the principle that

"Documents prepared before litigation is formally commenced are protected from discovery under FRCP 26(b)(3) if, at the time the documents were prepared, there was a substantial possibility that litigation would occur and that commencement of such litigation was imminent." [cites omitted] *Id.* at 66.

Applying the above holdings to the instant case, one question confronting the Court is when did American-Amicable move from an initial investigation of the death of David Smith to the point where investigation was being undertaken in anticipation of litigation.

The affidavit of J. Henry Lovelace of the firm of Sheehy, Lovelace & Mayfield, P.C. of Waco, Texas, clearly sets forth the fact that Mr. William E. Bailey was retained by Mr. Lovelace in anticipation of litigation. Furthermore, at the time that Mr. Bailey was working for American-Amicable, and not for Mr. Lovelace, his investigation was undertaken at the direction of Mr. Lovelace as Texas counsel to American-Amicable.

In the instant case, it is not unreasonable for American-Amicable to have conducted its entire investigation of Mr. Smith's death in anticipation of litigation. The news reports from Italy concerning Mr. Smith's death indicated that he was found hanging in his hotel bathroom and that suicide was suspected. Under these circumstances, American Amicable's expectations of litigation regarding the life insurance policies it had issued on Mr. Smith's life was both substantial and imminent.

IHI has alleged that both the reports by Mr. Bailey made before and after the denial of coverage by American-Amicable are discoverable, because they pertain directly to the question of American-Amicable's good faith. This issue was raised in *Atlanta Coca Cola Bottling Company, supra* and in *North Georgia Lumber & Hardware v. Home Insurance Company,* 82 F.R.D. 678 (N.D.Ga.1979). In *Atlanta Coca Cola Bottling Company,* the Court stated that discovery of material related to the basis for denial of a claim of an insurance company's insured is relevant to the question of good or bad faith in the denial of a claim. However, in *North Georgia Lumber & Hardware,* the Court stated that the issue of a defendant's bad faith in denying a claim

"... may only be determined by the weakness or strength of its defense as manifested at the trial. It is not tested by the mental impressions of the defendant's agents during or subsequent to the investigation." *Id.* at 680.

This statement indicates that discovery of matters related to the issue of bad faith is not proper. This Court believes that *Atlanta Coca Cola Bottling Company* is the better reasoned case on this point.

This Court finds that it is appropriate for IHI to discover those facts known to American-Amicable concerning Mr. Smith's death, as well as when those facts became known to American-Amicable. However, as IHI has recognized, it may not inquire into Mr. Bailey's mental impressions, conclusions or theories at this time. The above determination also applies to the question of whether Mr. Bailey may be deposed. He may be deposed concerning what facts he has garnered concerning Mr. Smith's death and when he learned of said facts. The Court also notes that this information does not come within the scope of any alleged attorney-client privilege. *Upjohn Co. v. U.S.,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

The parties have also raised the question of whether Mr. Bailey may be called as a witness in this case. American-Amicable has represented to the Court that it currently has no plan to call Mr. Bailey as a witness, except to authenticate certain tape recorded statements or documents. (American-Amicable's Second Supplemental Memorandum of Points and Authorities in Support of American-Amicable Life Insurance Company's Motion for Protective Order at p. 12). Were Mr. Bailey to be called to testify on behalf of American-Amicable, it is likely that his mental impressions, conclusions, or theories arising out of his investigation of Mr. Smith's death would be discoverable in their entirety.

Therefore, for the above-stated reasons, American-Amicable's Motion for Protective Order is granted in part and denied in part. IHI may obtain Mr. Bailey's investigatory reports concerning Mr. Smith's death only to the extent that they contain statements of facts related to Mr. Smith's death. IHI may not learn Mr. Bailey's mental impressions, conclusions, or theories related to his investigation. IHI may also inquire into what facts are known to Mr. Bailey and when the facts became known to him.

IT IS SO ORDERED.