**Robert T. JOYNER and Georgeina C. Joyner, Plaintiffs,**

**v.**

**The CONTINENTAL INSURANCE COMPANIES, Defendant.**

**No. CV483–421.**

United States District Court,
S.D. Georgia,
Savannah Division.

Dec. 20, 1983.

Taggart, Mixson, Granoff & Chestnut, Savannah, Ga., for plaintiffs.

McLain & Merritt, M. David Merritt, Atlanta, Ga., Brannen, Wessels & Searcy, David R. Smith, Savannah, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Pursuant to F.R.C.P. Rule 37(a), Plaintiffs move this Court to compel Defendant Continental Insurance Companies ("Continental") to answer Plaintiffs' interrogatories. Defendant opposes Plaintiffs' motion on the ground that the information sought is privileged under F.R.C.P. Rule 26(b)(3).

### I. *Background*

Plaintiffs allege that they were insured by the Defendant when a fire destroyed their residence on May 29, 1983. They further allege that they complied with Continental's claim procedure, but that the Defendant has in bad faith refused to make payment to them. In its Answer, the Defendant alleges, *inter alia,* that Plaintiffs intentionally set fire to their residence and that Defendant is therefore not liable to them for payment under the policy.

Apparently seeking to discover the basis for this defense, Plaintiffs requested that the Defendant identify and state the substance of all statements given by anyone to the Defendant in connection with the loss in question. Defendant identified numerous statements obtained by its investigators, but refused to provide any further information on the basis that it is privileged pursuant to F.R.C.P. Rule 26(b)(3).

The Court heard arguments from both parties at a December 16, 1983, hearing on this motion.

### II. *Conclusion*

To resolve this dispute, it must ultimately be determined whether the material Plaintiffs seek constitutes work-product immune from discovery under F.R.C.P. Rule 26(b)(3). Rule 26(b)(3) was adopted in 1970 to codify the holding in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), that attorney work product enjoys limited immunity from discovery. 8 Wright & Miller, *Federal Practice & Procedure: Civil* § 2023 (1970). The Rule expands the *Hickman* work-product doctrine "by extending discovery protection to the work product of a party or his agents and representatives, as well as that party's attorney. *See Westhemeco Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. 702, 708 (S.D.N.Y.1979); *United States v. Chatham City Corp.,* 72 F.R.D. 640, 642 (S.D.Ga. 1976)." *Carver v. Allstate Ins. Co.,* 94 F.R.D. 131, 133 (S.D.Ga.1982).

A reasonably clear statement of the law may be gleaned from the cases analyzing this area: If the information sought was obtained in the ordinary course of the insurer's business, it is generally discoverable; if the information consists of the thoughts or mental impressions of the insurer's attorneys, investigators, agents or other representatives, it is immune from discovery. Problems arise, however, in the application of this distinction.

Plaintiffs maintain that the statements they seek are discoverable. They are correct to the extent that "[r]ule 26(b)(3) is not intended to protect from general discovery materials prepared in the ordinary course of business [cit]." *American Bankers Ins. Co. v. Colo. Flying Academy,* 97 F.R.D. 515, 517 (D.Colo.1983); *citing Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115 (N.D.Ga.1977). In that regard, "[c]ourts generally have held that reports and statements taken by an insurance adjuster for an insurance company in the normal course

of investigating a claim are prepared in the regular course of the company's business and, therefore, not in anticipation of litigation for trial. *Id.*

Moreover, where state law permits "bad faith" damages, as is the case in Georgia (O.C.G.A. § 33–34–6), such materials take on additional relevance. In *Atlanta Bottling*, the court acknowledged plaintiff's need for defendant's investigation documents in relation to plaintiff's claim for bad faith damages by the insurer. In granting plaintiff's motion, the court concluded that "[t]he information sought will to some degree demonstrate the thoroughness with which defendant investigated and considered plaintiff's claim and thus is relevant to the question of the good or bad faith of defendant in denying the claim." *Id.*, at 117. A "common justification for discovery is the claim which relates to the opposite party's knowledge that can only be shown by the documents themselves." *In Re International Systems & Controls Corp.*, 693 F.2d 1235 (5th Cir.1982). Regarding the bad faith issue, the documents in the instant case would seem to be prime candidates for application of this "exclusive knowledge of the other party" justification. *See APL Corp. v. Aetna Cas. & Sur. Co.*, 91 F.R.D. 10, 14 (D.C.Md.1980) (holding that plaintiff met "undue hardship/substantial need" burden of 26(b)(3) in seeking documents in relation to bad faith claim against insurer, but insurer was not compelled under Rule 26(b)(3) to disclose mental impressions of its attorney or other representative).

As mentioned above, deciding whether an insurance investigator's work product was generated in the ordinary course of business or "in anticipation of litigation," however, is not without difficulty. *See* F.R. C.P. Rule 26(b)(3), "Subdivision (b)(3)—Trial Preparation: Materials," F.R.C.P. Advisory Notes at para. 1. Guidance may be found in recent case law.

> [P]rudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation. (emphasis added).

*Binks Mfg. Co. v. Presto Industries, Inc.*, 709 F.2d 1109, 1118–19 (7th Cir.1983), *citing* 8 Wright & Miller § 2024. The Seventh Circuit further emphasized that

> [t]he mere contingency that litigation may not result is not determinative.... A more or less routine investigation of a possibly resistable claim is not sufficient to immunize an investigative report developed in the ordinary course of business. Some recent cases have suggested the need for establishing an *identifiable resolve* to litigate prior to the investigative efforts resulting in the report before the work product doctrine becomes applicable. *See, e.g., Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420 (S.D. N.Y.1981); *Atlanta Coca-Cola Bottling Co. v. Trans America Ins. Co.*, 61 F.R.D. 115 (N.D.Ga.1972). While litigation need not be imminent, the primary motivating purpose behind the creation of a document or investigation must be to aid in possible future litigation.

*Id.* (emphasis added).

To demonstrate that it possessed an "identifiable resolve" to litigate almost immediately after the fire loss occurred in this case, the Defendant has submitted the affidavit of David Stroud, an insurance adjuster for Underwriters Adjusting Company. Mr. Stroud states that the fire loss in this case was reported to his office on May 31, 1983, two days after the fire occurred. Shortly thereafter, he personally inspected the damaged premises and retained the services of a professional engineer to determine the cause of the fire. (Affidavit of David Stroud at 1). The next day, the engineer informed Stroud that the fire was of a suspicious origin. Later laboratory analyses supported this suspicion. Deciding that the claim would likely be resisted, a private investigator was retained for further investigation. All of the statements of this investigator were taken in anticipa-

tion of litigation, attests Mr. Stroud. *Id.,* at 2.

By letter to this Court dated December 16, 1983, Plaintiffs responded to this affidavit, arguing that Defendant "attempts to shield virtually [its] entire investigation from discovery, based solely on its conclusory, self-serving statements as to its state of mind *one day* after commencing their investigation." *Id.,* at 2. Plaintiffs further question the sincerity of Defendant in view of the fact that Defendant did not formally deny their claim until September 13, 1983, despite Plaintiffs' repeated demands for a decision.

In *Carver,* where the Defendant similarly investigated its insured after suspecting arson, Judge Alaimo concluded that the thoughts and mental impressions contained in the investigatory reports conducted by an investigator "in anticipation of litigation" were immune from discovery. The *Carver* court had before it, however, the depositions of the insurance claim adjusters so that it could discern "which investigatory reports were 'prepared in anticipation of litigation.'" 94 F.R.D. at 134. In this case, however, the Court has before it little more than the bald assertions and accusations of the parties to assist it in its task.

Further complicating this matter is the likelihood that the materials Plaintiffs seek contain a mixture of privileged "mental impressions" and discoverable data. As Judge Alaimo noted, "Rule 26(b)(3)'s work product protection 'furnishes no shield against discovery,' by interrogatory and deposition, of the facts that an adverse party's representative has amassed and accumulated in documents prepared for litigation. 8 Wright & Miller, *Federal Practice & Procedure: Civil* § 2023 (1970)." *Carver,* at 136. In that regard, "[c]ourts have noted that when work product contains both discoverable facts and mental processes the court may make an *in camera* investigation prior to production and extricate the protected parts. *See United States v. Chatham City Corp.,* 72 F.R.D. at 642 n. 1." *Carver,* at 136 n. 1. *See also* F.R.C.P. Rule 26(b)(3) Advisory Notes.

In view of both the lack of trust between the parties and the likelihood of "mixed" discovery materials involved in this case, the Court turns to *Duplan Corp. v. Moulinage et Retorderie de Chavanoz,* 509 F.2d 730, 734 (4th Cir.1974), *cert. denied* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975), *cited in APL Corp., supra,* at 14 n. 2, for a solution.

[T]he district court may, providing the other prerequisites for discovery have been met, excise from such documents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative, and order the balance of the documents to be produced. *See* Note of the Advisory Committee, etc. 48 F.R.D. .457, 502; 8 Federal Practice and Procedure, Civil, Wright and Miller, (1970) pp. 231–2. The district court may also require [the party from whom discovery is sought] to abstract such documents for turning over to the [party seeking discovery] in either case taking care to protect against disclosure of mental impressions, conclusions, opinion, or legal theories as directed by the last sentence of F.R.C.P. 26(b)(3).

Accordingly, the Defendant is hereby ORDERED to abstract the documents Plaintiffs seek in relation to the denial of their fire loss claim, excising those portions necessary to "protect against disclosure of mental impressions, conclusions, opinion, or legal theories as directed by the last sentence of F.R.C.P. 26(b)(3)." *Id.* Should this remedy prove to be inadequate, the Court will consider an *in camera* inspection of the materials in question. However, the Court cautions counsel for both sides of this dispute that the remainder of the discovery in this case is to continue in good faith. A free exchange of discovery is necessary to reach a fair and just conclusion to this dispute. This Court will not hesitate to impose severe sanctions for litigation which is inconsistent with the goals of modern discovery. F.R.C.P. Rule 37.