**Neil R. LETT and Teresa F. Lett, Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY and State Farm Mutual Automobile Insurance Company, Defendants.**

Civ. A. No. C85–3223A.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 20, 1987.

Stroud P. Stacy, Atlanta, Ga., for plaintiffs.

J. Eugene Beckham, Jr., Carrollton, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on the defendants' motion for a protective order and on the parties' joint motion for a continuance. The protective order, if granted, would apply to certain documents requested by the plaintiffs in their notice to the defendants of the proposed depositions of three of the defendants' employees scheduled for May 6, 1986. The defendants argue that the requested documents, which are all included as part of the claims file compiled by the defendants regarding the plaintiffs' claim, are protected from discovery under Rule 26(b)(3) of the *Federal Rules of Civil Procedure.* Accordingly, the court must determine, within the meaning of Rule 26(b)(3), if the documents sought were "prepared in anticipation of litigation" and, if so, if the plaintiffs have shown that they have "substantial need of the materials in the preparation" of their case and that they are "unable without undue hardship to obtain a substantial equivalent of the materials by other means."

One of the most instructive cases on the meaning of the phrase "prepared in anticipation of litigation" is Judge Alaimo's opinion in *Carver v. Allstate Insurance Company,* 94 F.R.D. 131 (S.D.Ga.1982). As is the case here, *Carver* was an action to recover the proceeds under an insurance policy for a fire loss sustained by the plaintiff to his home and personal property and to recover statutory bad faith penalties for the defendant's refusal to pay for the loss. The plaintiff sought to compel the production of certain documents prepared by the defendant in investigating the claim and the defendant objected, arguing that the material constituted work product immune from discovery because it was prepared in anticipation of litigation. Judge Alaimo first acknowledged the difficulty in determining whether documents prepared by an insurance company in investigating a claim are prepared in anticipation of litigation or are prepared in the regular course of busi-

ness. He then summarized the courts' approach to the problem:

> Courts, however, have found a solution to this dilemma in the very means by which an insurance company conducts its business. In the early stages of claims investigation, management is primarily concerned not with the contingency of litigation, but with "deciding whether to resist the claim, to reimburse the insured and seek subrogation of the insured's claim against the third party, or to reimburse the insured and forget about the claim thereafter." At some point, however, an insurance company's activity shifts from mere claims evaluation to a strong anticipation of litigation. This is the point where the probability of litigating the claim is substantial and imminent. The point is not fixed, it varies depending on the nature of the claim, and the type of investigation conducted. The decision whether insurance company investigatory documents were "prepared in anticipation of litigation" turns, therefore, on the facts of each case.

*Id.* at 134 (citations omitted). Based on the depositions of the insurance company's claims adjusters, Judge Alaimo concluded that the reports in question in *Carver* were prepared in anticipation of litigation. The reports were prepared after the investigation was reassigned from a regular claims representative to a senior claims representative in part because the insurance company had indications that the fire was the result of arson committed by or under the direction of the plaintiff.

■ The facts in this case are strikingly similar to those in *Carver.* The fire that destroyed the plaintiffs' home occurred on May 25, 1984. Miles Watters of the State Farm Claims Office was assigned to investigate the loss. That same day, Watters called in Mel Johnson, an independent expert in the determination of the cause and origin of fires, to aid in the investigation. Johnson's preliminary findings were referred to Walter Campbell, the resident claim superintendent. On June 12, 1984 the investigation was assigned to Robert Strickland of the State Farm Special Investigation Unit. Strickland Depo. at 174. Strickland testified in his deposition that the investigation was referred to him specifically because of the insurance company's suspicion that the plaintiffs were involved in the fire. *Id.* at 176. He also stated that when he received the claim file on June 12, the claim "was certainly headed for denial if the information contained [in the file] did in fact turn out to be correct." *Id.* at 168. That same day, a copy of the claims file material was sent to the defendants' attorney with the notation that "it appears that there are enough red flags involved to be concerned that the insured is possibly involved." Exhibit C to Defendants' Motion for Protective Order. Given the facts as outlined above, the court concludes that "the point where the probability of litigating the claim is substantial and imminent," *Carver*, 94 F.R.D. at 134, had been reached as of June 12, 1984 and that any documents prepared by the defendant's representatives with regard to the claim after that point were prepared in anticipation of litigation.

Having concluded that the documents for which the defendants seek a protective order were prepared in anticipation of litigation, the question becomes whether the plaintiffs have shown a substantial need for the documents and undue hardship in obtaining the substantial equivalent by other means. The plaintiffs argue that the primary issue in the case is the defendants' bad faith in denying their claim. Such a bad faith claim depends on evidence that the insurer denied "the claim of its insured upon inadequate evidence or upon only a perfunctory investigation." *Atlanta Coca-Cola Bottling Company v. Transamerica Insurance Company*, 61 F.R.D. 115, 117 (N.D.Ga.1972).

■ The plaintiffs have not made the requisite showing of substantial need/undue hardship for two reasons. First, the insurer's bad faith is not determined as of the date of its denial of the insured's claim. Instead, "[t]he question of bad faith must be determined by the defense made at the

time of trial." *Phillips v. State Farm Mutual Automobile Insurance Co.*, 437 F.2d 365, 369 (5th Cir.1971). *See also Forbus v. Allstate Insurance Co.*, 603 F.Supp. 113, 116 (N.D.Ga.1984); *Stegall v. Guardian Life Insurance Co.*, 171 Ga.App. 576, 577–78, 320 S.E.2d 575 (1984). The critical question, then, is "What does the insurer know now, as of the trial?," not "When did the insurer learn it?" Second, again as in *Carver*, the plaintiffs have made no showing that the facts contained in the documents sought cannot be elicited by deposing the relevant investigators and the witnesses interviewed. *See Carver*, 94 F.R.D. at 136.

The plaintiffs argue that *Joyner v. Continental Insurance Companies*, 101 F.R.D. 414, 416 (S.D.Ga.1983) supports their claim of substantial need/undue hardship. In *Joyner*, another case involving an insured's bad faith claim against his insurer and a consequent dispute over the discoverability of the insurer's investigatory reports, the court noted that the reports seemed "to be prime candidates for [discoverability because] or this 'exclusive knowledge of the other party' justification." *Id.* at 416. However, the plaintiffs in this case have made no attempt to identify any facts known exclusively by the defendants or to explain why they would be unable to obtain all facts necessary to their bad faith claim through depositions of the persons preparing the relevant reports. In short, the plaintiffs have available to them a method for establishing what the defendants know without forcing production of otherwise protected documents.

In summary, the defendants have established that the documents sought by the plaintiffs, those portions of the claim file prepared after June 12, 1984, are protected under Rule 26(b)(3) because prepared in anticipation of litigation. The plaintiffs, on the other hand, have failed to establish substantial need for the documents and undue hardship in obtaining their substan-tial equivalent by other means. The defendants' motion for a protective order is therefore GRANTED.[1]

The parties' joint motion for a continuance requests that the case be removed from the trial calendar because of the pendency of the motion for a protective order. The protective order has now been granted and, as a result, no discovery remains to be conducted. The motion for a continuance states that the court's ruling on the motion for a protective order "will have a substantial impact on how the case is presented to the Court and jury for trial," but the motion does not explain why the granting of the motion would necessitate a continuance. Motions for continuance are granted "only on the basis of exceptional circumstances." Local Rule 245–1. No showing of exceptional circumstances has been made here and the motion for a continuance is DENIED.

---

1. Because of the court's resolution of the defendants' Rule 26(b)(3) argument, it is unnecessary to consider the effect of the attorney-client privilege in protecting certain of the documents in question.