Warren J. KENNEY, Russell Lyons, Arthur Scher, Donald E. Stolberg, Donald R. Marshall, Willis J. Murdock, Robert F. Kardasz, and Frank Key, Plaintiffs,

v.

SHAW INDUSTRIES, INC., Defendant.

Civ. A. No. 4:–89–cv–268–HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Feb. 25, 1991.

Mary Ann B. Oakley, Oakley & Bonner, Atlanta, Ga., for plaintiffs Warren J. Kenney, Russell Lyons, Arthur Scher, Robert F. Kardasz, Frank Key and Janet R. Stolberg.

Ronald P. Lilek, Office of Ronald P. Lilek, Wheaton, Ill., for plaintiff Donald R. Marshall.

Michael Stuart Pineda, Brown Dobson Burnette & Kesler, Chattanooga, Tenn., for plaintiff Willis J. Murdock.

David R. Aufdenspring, Dara L. DeHaven, James Michael Harley, Francis Anthony Landgraff, III, Powell Goldstein Frazer & Murphy, Atlanta, Ga., for defendant Shaw Industries, Inc.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on cross motions to compel discovery.

On November 30, 1987, Defendant Shaw Industries, Inc., acquired The Carpet and Rug Division of West Point Pepperell. This age discrimination suit was brought by former employees of West Point Pepperel who contend that they were not hired by Defendant after the acquisition because of their age.

Both parties to the dispute have filed motions to compel discovery. Each of the motions will be discussed in turn, beginning with Plaintiff's Motion to Compel.

### I. *Plaintiff's Motion to Compel Discovery*

Plaintiff seeks to compel discovery of statistical and biographical information regarding Defendant's applicants for sales positions. Plaintiff has requested information such as the number of salespersons hired, the qualifications of those hired, their dates of birth, the applicants against which those persons hired were compared, and the basis of the decision to hire. Plaintiff has also requested information regarding former West Point Pepperel employees hired by Defendant and subsequently terminated, as well as identification of the computer data bases which retain biographical information on job applicants. Plaintiff requests this information for the time period beginning November, 1987, and continuing for the first half of 1988.

Defendant argues that Plaintiff's discovery requests should be limited to the several week period surrounding the acquisition of West Point Pepperel during which the employment decisions regarding the Plaintiffs were made. Defendant contends that Plaintiff's complaint should be construed as alleging only individualized discrimination. The case at bar, under Defendant's characterization, involves a discreet and insular set of hiring decisions attributable solely to its acquisition of West Point Pepperel. Information regarding hiring decisions made by Defendant after the end

of this November 1987 acquisition is therefore irrelevant.

Defendant cites *Earley v. Champion Intern. Corp.*, 907 F.2d 1077 (11th Cir.1990), for the proposition that in the context of a one-time acquisition, discovery should be limited to the employment decisions made pursuant to that acquisition. *Earley*, however, is easily distinguishable from the instant situation. The Court in *Earley* did deny an age discrimination plaintiff's attempt to obtain nationwide discovery of the defendant's employment practices. That denial was based on the premise that when employment decisions are made within the local unit of the defendant company, discovery is properly limited to the employment practices of that unit. The question of whether the discovery time frame should be limited to a discreet, one time set of employment decisions, was not before the court.

■ Employment statistics, such as those requested by Plaintiff in this case, are relevant for purposes of proving a prima facie case of disparate treatment. *See, International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Further, statistical evidence of a pattern or practice of discrimination is admissable to prove individual claims. *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). In this Court's view, the information requested by Plaintiff regarding Defendant's employment practices during November of 1987 up through and including the first six months of 1988 is relevant to the case at bar.

■ Further, this Court is not persuaded that production of the materials requested in Plaintiff's Motion to Compel will be unduly burdensome. Plaintiff has indicated that it will withdraw any cumulative interrogatories,[1] and gather the necessary information itself if production proves too burdensome. Hence, Plaintiff's Motion to Compel Discovery is granted.

---

1. The Court notes that Plaintiff has offered to withdraw Interrogatory #3, if the information

## II. *Defendant's Motion to Compel*

■ Defendant has moved the Court for an order compelling Plaintiff Murdock to provide more information in response to Defendant's Interrogatories Nos. 1, 2 and 3. These interrogatories generally request that if said Plaintiff contends that the reasons given for his termination were pretextual Plaintiff should state the circumstances, give the names of persons having information about such circumstances, and identify any documents relating to the circumstances. Plaintiff responded that Defendant had not given him any reasons for his termination. As for the basis of his claim, Plaintiff directed the Defendant to the depositions and other discovery responses in the case.

Defendant argues that Plaintiff Murdoch's response is insufficient. Specifically Defendant points out that some courts have held that incorporation by reference to documents produced over the course of litigation is not a responsive answer to an interrogatory. *See e.g., Roberson v. Great American Insurance Companies of New York*, 48 F.R.D. 404 (N.D.Ga.1969); *Atlanta Coca–Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115 (N.D.Ga. 1972).

In the view of this Court, however, Plaintiff's incorporation by reference in this case is not an attempt to obscure its response to Defendant's interrogatory, but instead is an attempt to respond. Plaintiff stated that he was never told by Defendant why he was terminated. If no reason was given, there is little opportunity for the Plaintiff to point out pretext. This Court views the Plaintiff's reference to other discovery as an honest attempt to give Defendant notice of the basis of his claim. Defendant's Motion to Compel is therefore denied.

## III. *Conclusion*

Accordingly, for the reasons stated above, Plaintiff's Motion to Compel is

---

sought in #'s 2 & 3 is provided.

GRANTED, and Defendant's Motion to Compel is DENIED.

IT IS SO ORDERED.