**Valerie L. KNOPFEL, Plaintiff,**

v.

**TECH DATA CORPORATION and Tech Data Education, Inc., Defendants.**

**No. 8:03–CV–2065–T–30MSS.**

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 8, 2004.

264

Randall V. Shanafelt, Esq., Sharon A. Wey, Esq., James L. Hunter, Esq., The Shanafelt Law Firm, P.A., Clearwater, FL, for Plaintiff Valerie L. Knopfel.

Donald C. Works, III, Kristyne E. Kennedy, Jackson Lewis LLP, Orlando, FL, for Defendants Tech Data Corporation and Tech Data Education, Inc.

## ORDER

SCRIVEN, United States Magistrate Judge.

This cause comes on for consideration of Defendants' Motion for Protective Order (Dkt.16) and Plaintiff's Motion to Compel Discovery (Dkt.17) in an action brought by Plaintiff alleging discrimination in unequal pay.

Plaintiff worked for Defendants as an Instructor (Dkt.10, 11). Plaintiff claims that Defendants paid their similarly situated male instructors a higher salary and bonus than Plaintiff due to her gender. Plaintiff also claims that Defendants promoted several less qualified male instructors to the position of Senior Instructor over Plaintiff. Plaintiff has filed a complaint against Defendants alleging violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), (EPA), sexual discrimination regarding pay under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (Title VII) and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, (FCRA), failure to promote under Title VII and FCRA, and retaliation under the EPA, Title VII and FCRA.

Plaintiff seeks an order compelling Defendants to produce unredacted documents listed in Plaintiff's Exhibit "A" (Dkt.17) that were produced with information regarding the qualifications, compensation, bonuses, promotions, and teaching assignments of female instructors redacted. Plaintiff also seeks an order compelling Defendants to produce documents responsive to Plaintiff's Request for Production of Documents number eight (8), which requests all employment applications, written job offers, position requisitions, letters of resignation and other documents pertaining to the hire and separation from employment of three other specifically identified female instructors.

Defendants seek a protective order prohibiting Plaintiff from discovering records and any information regarding Defendants' other female instructor employees through written discovery, deposition questions of Defendants' corporate representatives (who were

scheduled for deposition on September 28 and 29, 2004), or through any other means (Dkt.16). Specifically, Defendants seek to limit Plaintiff's inquiry of its corporate representatives with respect to Requests numbered 11, 12, and 13 on Plaintiff's Notice of Intent to take Deposition.

Plaintiff argues that the information sought is directly relevant to Plaintiff's disparate treatment claims and specifically to Defendants' motive and intent, Plaintiff's required showing of pretext and Defendants affirmative defenses. Defendants argue that information regarding other female employees of Defendants is not relevant to Plaintiff's claims because Plaintiff has not alleged a pattern and practice of discrimination in pay claim but, rather, an individual disparate treatment claim.

Fed.R.Civ.P. 26(b)(1) provides that parties may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Consequently, consideration of the elements of the claims asserted here is instructive to the resolution of this dispute. A plaintiff in a Title VII action can proceed under three different theories, disparate treatment discrimination, pattern and practice discrimination or disparate impact discrimination. *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1273 (11th Cir. 2000). The first two theories require a showing of discriminatory intent, while the third does not. *Id.* In a disparate treatment case, the plaintiff must show that the employer's course of action was made "at least in part because of, not merely in spite of," the plaintiff's sex. *Id.* at 1273, 1275. In the absence of evidence of intent, the claim fails.

In the absence of direct evidence of intent, a plaintiff may prove intent through circumstantial evidence under the McDonnell Douglas framework. *Id.* at 1286; *see also Cooper v. Southern Company*, 390 F.3d 695, 725–26 n. 17 (11th Cir.2004)(discussing the viability of the McDonnell Douglas analysis in non-mixed-motive cases following the Supreme Court decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)). The plaintiff first must make out a prima facie case of discrimination, which creates a presumption that the employer's action was discriminatory. *Joe's Stone Crab, Inc.*, 220 F.3d at 1286. The burden then shifts to the employer to provide a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *Id.* The burden then shifts back to the plaintiff to show that the employer's proffered reason is but a pretext for its discriminatory conduct. *Id.*

Here, Defendants argue that the information sought is not relevant because Plaintiff has not brought a pattern and practice of discrimination claim. However, general patterns of discrimination by an employer may be relevant in individual disparate treatment cases. *See Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir.1980); *see also Cooper v. Diversicare Management Services*, 115 F.Supp.2d 1311, 1322 n. 13 (M.D.Ala.1999); *Kenney v. Shaw Industries, Inc.*, 764 F.Supp. 1501, 1503 (N.D.Ga.1991). The Eleventh Circuit has found the testimony of other female employees, regarding allegations of similar conduct of sexual harassment by a defendant employer, to be relevant to the defendant's motive, intent or plan in firing a plaintiff. *See Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524, 1532 (11th Cir. 1983).

In this case, the information regarding other females sought by Plaintiff may prove relevant to Plaintiff's required showing of intent to discriminate by Defendants with respect to Plaintiff's alleged unequal pay and lack of promotion. One way Plaintiff may bolster an argument that any proffered reason by Defendants for any disparity in pay or promotion is only pretext for discrimination may be through evidence regarding the pay, promotion or treatment of other female instructors by the same managers or individuals who made the pay and promotion decisions with respect to Plaintiff.

Additionally, Defendants have asserted several affirmative defenses that implicate Defendants' intent. For example, Defendants have asserted that, "All actions taken by Defendants with respect to Plaintiff's employment were made in good faith and without intent to discriminate, retaliate or interfere with Plaintiff's exercise of rights conferred by Federal and State statutes. Defendants deny that they had any discrimi-

natory or retaliatory motive or intent in any action taken with respect to Plaintiff's employment." (Dkt.11). Information regarding the manner in which Defendants treated other female instructors with respect to their pay and promotions may, upon discovery, bear on Defendants' intent vis-a-vis its treatment of Plaintiff. Thus, the information regarding other female instructors may also prove relevant to the defenses asserted by Defendants. In sum, the information sought by Plaintiff is relevant to Plaintiff's claims and to Defendants' defenses in this case under Rule 26(b)(1).

Finally, Defendants' argument that the burden on Defendants to produce the requested information exceeds Plaintiff's need because the information is not relevant is unpersuasive in light of the above discussion. Defendants make no argument that the information sought is voluminous or would require an excessive amount of time, effort or resources to produce. In fact, many of the documents requested have already been produced in redacted form and would only have to be re-produced in unredacted form. Further, the documents requested in Plaintiff's Request for Production of Documents, number eight (8), pertain only to three specifically identified female instructors.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel (Dkt.17) is **GRANTED.** Defendants shall produce the documents listed in Plaintiff's Exhibit "B," documents bates numbered 0018–19, 10023, 10027, 10039, 10041, 10249, 10261, 10263, 10813–14, 11706, 11708, 11710, 11713, 11719–20, 11726, 11741, 11765, 11779, 11785, 11791, 11806–12, 11819–71, 11873, 11892, 11904–05, 11912, 11924, 11940–41 and 11943–46, in unredacted form within fifteen (15) days of the date of this Order. Defendants shall also produce all non-privileged documents responsive to Plaintiff's Request for Production of Documents, number eight (8), within fifteen (15) days of the date of this Order. It is further ordered that Defendants' Motion For Protective Order (Dkt.16) is **DENIED.** Although the discovery deadline has passed, discovery may be reopened for the sole purpose of resuming the depositions of Defendants' corporate representatives so that Plaintiff may inquire about Defendants' other female instructors in the event that Defendants' corporate representatives have refused to respond to such questions.