## In re KOREAN AIR LINES DISASTER OF SEPTEMBER 1, 1983.

### Application of the WASHINGTON POST COMPANY.

MDL No. 565.

Misc. Nos. 83–0345, 84–0170.

United States District Court, District of Columbia.

Oct. 26, 1984.

See also D.C., 575 F.Supp. 342.

Juanita M. Madole, Liaison Counsel, Speiser, Krause & Madole, Washington, D.C., for plaintiff.

George N. Tompkins, Jr., Condon & Forsyth, New York City, for Korean Air Lines.

Patrick J. Carome, Boisfeuillet Jones, Carol D. Melamed, Washington, D.C., for The Washington Post Co.

Mark A. Dombroff, Torts Branch, Civil Branch, Dept. of Justice, Washington, D.C., for United States of America.

John J. Martin, Bingham, Englar, Jones & Houston, New York City, for Litton Industries, Inc.

Thomas J. McLaughlin, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for The Boeing Co.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Presented for the Court's consideration is the Application of the Washington Post Company for an Order Vacating the December 22, 1983 Order Preventing the Divulgence of Information or Documents, the Opposition, Responses and Reply thereto and the arguments presented on said Application at a hearing held October 16, 1984. In its Application, the Washington Post Company (Post) has moved to challenge the validity of an order issued by this Court which prevents the parties from divulging any information or documents obtained in the discovery proceedings connected with the above-captioned multi-district litigation.

The challenged Order, entered December 22, 1983, provides

no party to these proceedings, directly or through counsel shall hereafter divulge any information or documents obtained in the course of these multidistrict litigation proceedings to any person not a party hereto, their counsel, consultants and experts retained in connection with this litigation.

IT IS FURTHER ORDERED, that no party to these proceedings, directly or through counsel, shall discuss with the news media any information or documents obtained in the course of these multi-district proceedings, or any opinions with respect thereto, until a conclusion of a trial on the issue of liability of all parties defendant or until further Order of this Court.

■ The Post has applied to the Court on the ground that the order is a "prior restraint" on First Amendment freedoms and cannot pass muster under the rigorous standard for such restrictions. In support of this position the Post relies heavily on *CBS, Inc. v. Young,* 522 F.2d 234 (6th Cir.1975). Defendant Korean Air Lines

Company, Ltd. (KAL) moved swiftly and vigorously to oppose the Application. Noting first that the alleged constitutional infirmity of the Order has been brought to the Court's attention by a non-party to the proceedings, Defendant argues that the December 22, 1983 Order is not a "prior restraint" but is instead a Fed.R.Civ.P. 26(c) protective order. The Defendant relies upon *Seattle Times Co. v. Rhinehart,* — U.S. —, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), to support its position.

Although the request for the December 22, 1983 Order was made by KAL at a pre-trial conference held in open court on December 9, 1983, the request came after discussion and upon the consent of *all* parties. All parties were represented at the hearing; none objected. When the Order was presented to the Court almost two weeks later, without objection, the stipulated consent of all parties signalled agreement on the need for and scope of the Order. It appeared to the Court at that time that the parties were not interested in exploiting the notoriety of the case but in conducting their private litigation without fanfare or undue publicity. Therefore, in accordance with the uniform wish of all concerned, the suggested order was entered pursuant to the Court's authority to control the discovery process and with the intent that it apply only to discovery information.

The intent and authority of the Court has not changed. The Post submits, that, as written, the December 22, 1983 Order represents such a broad restraint on the parties and the press that it will "cut off the full and timely flow of information to the public." While the Court does not adopt the Post's interpretation of its December 22, 1983 Order, the Order will be modified to the extent necessary to more clearly express the Court's intent that *only* discovery information may not be released.

■ The modifications will be in keeping with the policy behind the liberal discovery rules. The Court has every intention of creating a climate of free exchange with respect to the ongoing pretrial discovery in

these proceedings. The Court notes that Plaintiffs' Steering Committee changed its position with respect to the December 22, 1983 Order following the Application by the Washington Post Company. As a party to the proceedings, the PSC is in a position to challenge the validity of the Court's Order. However, litigants do not have "an unrestrained right to disseminate information that has been obtained through pretrial discovery." *Seattle Times Co. v. Rhinehart*, — U.S. —, —, 104 S.Ct. 2199, 2207, 81 L.Ed.2d 17 (1984). Because information discovered at the pretrial stage is not considered within the public domain, "restraints, placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." 104 S.Ct. at 2208. The Supreme Court also found it significant to note that "an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny." *Id.* It is for this reason that, "continued court control over the discovered information does not raise the same spectre of government censorship that such control might suggest in other situations." *Id.* In this case, the Court will exercise its duty and discretion to oversee and limit the discovery process.

The Order entered December 22, 1983 shall remain in effect with the following modifications. The parties and their counsel are prohibited from disclosing *discovered* information or opinions derived from discovery: Only information and documents obtained or produced in the discovery process may not be divulged. The Post and press remains unencumbered by the Order.

Should any party wish to divulge discovered information, that party is directed to notify the Court. Upon such notification, the question of continued nondisclosure with respect to particular information will be considered. Further, the parties shall have thirty (30) days from the date of this Order in which to present to the Court any information or documents already discovered which any party seeks to divulge.