In re ALEXANDER GRANT & CO.,
LITIGATION.

This document relates to All Actions.

Master File No. ESM I.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

March 3, 1986.

---

Richard Smith, Steel Hector & Davis, Miami, Fla., for American S & L.

Richard Critchlow, Finley, Kumble, et al., Miami, Fla., for Tew, etc.

Kenneth Ryskamp, Squire Sanders & Dempsey, Miami, Fla., James J. Marwurm, James A. Smith, Squire Sanders, et al. Cleveland, Ohio, and Sheldon M. Rosen, Director of Law, City of Toledo, Toledo, Ohio, for City of Toledo.

Phillip Newcomm, Don A. Lynn, Gale Ciceric Payne, Johathan Cohen, Shutts & Bowen, Miami, Fla., for City of Beaumont, Tex.

Sanford L. Bohrer, Thomsa, Zeder, et al., Miami, Fla., for City of Harrisburg, Pa.

Linda A. Conahan, Clark R. Kerr, III, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for City of Pompano Beach, Fla.

Lowell L. Garrett, Morris C. Brown, Paul J. Levine, Sergio Alvarez-Mena, III, Morgan, Lewis & Brockius, Miami, Fla., for City of Tamarac, Fla.

Patricia M. Silver, Smith & Mandler, Miami, Fla., and Laz Schneider, Fort Lauderdale, Fla., for First Fed'l S & L of Big Spring, Tex.

Hugo L. Black, Kelly, Black, et al., and Aaron Podhurst, Podhurst, Orseck, Parks, et al., Miami, Fla., J. Vernon Patrick, Jr., Birmingham, Ala., for Marvin L. Warner.

James M. Landis, Chris S. Coutroulis, Robert Ciotti, Carlton, Fields, Ward, et al., Tampa, Fla., for Clallam County, Wash., et al.

Stanley H. Wakshlag, Akerman, Senterfitt & Eidson, Miami, Fla., Craig Christiansen, William L. Hunnicutt, Sherman & Howard, Denver, Colo., for Clark County, Nev.

Charles W. Burson, Wildman, Harrold, Allen, Dixon & McDonnell, Memphis, Tenn., for Board of Educ., Memphis City Schools.

James D. Adams, Quinton, Lummus, Dunwody & Adams, Miami, Fla., for Sun Federal S & L.

Lawrence G. McMichael, Dilworth Paxson Kalish & Kauffman, Philadelphia, Pa., Richard B. Barkin, Dilworth Paxsons, et al., Boca Raton, Fla., for Dauphin County, Pa.

Ted H. Bartelstone, Hollander & Schiffrin, Miami, Fla., Rosenberg & Tulis, New York City, for Resource Management.

Richard Williams, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., Jerry Slater, Kelley, Weber, Pietz & Slater, Wausau, Wash., for Wm. E. Pollock Government Securities, Inc.

James L. Armstrong, III, Smathers & Thompson, Miami, Fla., for First Tennessee Bank, N.A.

Bennett Falk, Ruden, Barnett, McClosky, Schuster & Russell, Miami, Fla., for Oppenheimer Government Securities, Inc.

Joan R. Sheak, Klehr, Harrison, Harvey, et al., Allentown, Pa., for City of Allentown, Pa.

Richard E. Brodsky, Paul, Landy, et al., Miami, Fla., and Albert Stein, Parker Chapin Flattau & Klimpl, New York City, for Alexander Grant & Co.

Jose Gomez, pro se.

Bruce Wagner, Fort Lauderdale, Fla., for Jose Gomez.

Wilton Strickland, Ferraro, Middlebrooks, Strickland & Fisher, Fort Lauderdale, Fla., for third-party intervenors.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion for Reconsideration filed on behalf of third-party intervenors, News and Sun-Sentinel Company and John Edwards.

The movants seek reconsideration of the court's July 31, 1985 Protective Order. (Appendix A). The movants contend that as the Protective Order obstructs public access to court records, it operates as a prior restraint of dissemination of information in the public domain. The movants request that this court permit them access to the Grant depository, direct that they receive notices of depositions and finally, that the court lift a "gag order" contained within the Protective Order.

Initially the court notes that the Protective Order was requested by and drafted by the parties themselves. It was presented by the parties in open court during a regularly scheduled monthly status conference. Following lengthy discussion during which the parties expressed their interests in litigating these cases without notoriety and prejudicial publicity, the Protective Order was approved and adopted as the Order of this court.

Contrary to the movants' position, the Protective Order does not contain any "gag order" type provisions. It merely provides the mechanism for promoting the free flow of discoverable information, which may or may not ultimately be filed with the court, by setting guidelines for the designation of specific matters and proceedings as "confidential." The Protective Order further provides the means by which any party can contest a "confidential" designation by filing timely objections with this court.

Thousands of documents have been deposited, not with this court, but with a depository maintained by the parties for both convenience and to expedite these proceedings. Numerous individuals have been and will continue to be deposed. The court recognizes the need for these discovery procedures to continue without the fear of adverse publicity, intimidation or the exertion of other outside forces that could interfere with the free flow of information, most of which would not be admissible during the actual litigation stage of these cases.

The Protective Order provides necessary safeguards to insure the continued exchange of discovery without infringing upon the public's right to information.

In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 2208, 81 L.Ed.2d 17 (1984), the United States Supreme Court recognized that since pretrial discovery is not within the public domain, "restraints, placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." Further, "an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny." *Id. In re Korean Air Lines Disaster of September 1, 1983*, 597 F.Supp. 621, 622 (D.D.C.1984). See, *Palm Beach Newspapers, Inc. v. Burk*, 471 So.2d 571 (Fla. 4th DCA 1985).

Finally, as noted in *Seattle Times Co.*, 104 S.Ct. at 2207–2208:

[P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not opened to the

public at common law, and, in general, they are conducted in private as a matter of modern practice. Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

(Citations and footnotes omitted).

The court finds that its Protective Order is therefore a proper exercise of its obligation to control the discovery process in this litigation. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Reconsideration filed on behalf of the News and Sun-Sentinel Company and John Edward be and the same is GRANTED. Having reconsidered its July 31, 1985 Protective Order, the court AFFIRMS the Protective Order without modification.

## APPENDIX A

### PROTECTIVE ORDER

1. This Order governs the handling of confidential documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter ("discovery material") produced by or obtained from any party, or any non-party who agrees to be bound by this Order (said party or non-party hereinafter referred to as "the producing party") during the proceedings in each of the captioned cases.

2. The following definitions shall apply to this Protective Order:

(a) "Parties" shall mean and refer to each plaintiff, defendant and third-party defendant in the captioned cases which are subject to the Omnibus Pretrial Order No. 1 entered by the Honorable Jose A. Gonzalez, Jr., on July 31st, 1985.

(b) "Qualified person(s)" shall mean and refer to:

(i) Outside or inside counsel that have appeared for a party in any of the captioned cases and regular and temporary employees of such counsel assisting in the conduct of such case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Order;

(ii) Experts or consultants assisting counsel in this litigation;

(iii) Employees of any party who are required to assist counsel in the conduct of this action;

(iv) Directors, officers, and employees of parties who are noticed for depositions or designated as trial witnesses and other persons who counsel for a party in good faith believes may be fact or expert witnesses either at deposition or at trial, to the extent deemed necessary by counsel for the witnesses' preparation for testimony;

(v) The insurance carriers for the parties, their counsel, and employees of such carriers assisting in the conduct or monitoring of this litigation;

·(vi) Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

(vii) Personnel responsible for staffing the document depositories established pursuant to the Omnibus Pretrial Order No. 1 referred to in Paragraph 2(a) hereof of this Order;

(viii) The Court and Court personnel, pursuant to Paragraph 9 of this Order; and

(ix) Other persons only upon order of the Court, or upon stipulation of the party that produced or disclosed the confidential discovery material.

3. Any party or non-party producing discovery material in this action, which material contains or discloses tax returns, trade secrets, or other sensitive material which would be entitled to confidential sta-· tus under applicable law or by order of this Court, may designate such discovery mate-

rial as Confidential, which discovery material shall be so marked.

4. The producing party may, on the record of the deposition or by written notice to counsel for all parties no later than five (5) days after receipt of a deposition transcript, designate portions thereof as "Confidential" under the terms of this Order. During such five-day period, all transcripts and the information contained therein will be deemed to be "Confidential" in their entirety under the terms of this Order. Thereafter, only those portions of a transcript of a deposition marked "Confidential" shall be so treated, except that all copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

5. Confidential discovery material shall be used only for the prosecution and/or defense of this or other litigation between the parties and under no circumstances, other than those specifically provided for in this or subsequent court orders, shall such material be disclosed to persons other than qualified persons.

6. Confidential discovery materials may be shown to consultants and experts retained for the purpose of assisting in the preparation of this or other litigation between the parties only after an attorney for the party employing such consultant or expert has obtained from him an executed copy of Exhibit A attached hereto.

7. Confidential discovery materials may be disclosed to a party's employee only for the purposes of this or other litigation between the parties and for no other purpose, and shall not be used by him in any business affairs of his employer or in his own affairs or be imparted by him to any other person. Before such disclosure is made to such employee, that employee shall sign and deliver to his employer's counsel a copy of Exhibit A attached hereto.

8. Each person given access to confidential discovery material or information derived therefrom shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to its terms.

9. In the event that counsel for any party determines to file in or submit to this Court any confidential discovery material or information derived therefrom, or any papers containing or making reference to such material or information, such documents shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

(a) the caption, as specified in the Omnibus Pretrial Order No. 1 referred to in Paragraph 2(a) of this Order;

(b) the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

(c) a statement substantially in the following form:

[DISCLOSING PARTY'S NAME]
CONFIDENTIAL

This envelope (or container) is sealed pursuant to Order of the Court and contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to stipulation of the disclosing party or parties to these actions.

Said envelope or container shall not be opened without further order of the court except by qualified persons, who shall return such envelope or container to the Clerk of the Court appropriately sealed and endorsed as hereinabove provided, or pursuant to stipulation of the disclosing party.

10. When confidential documents or information is presented, quoted or referenced in any deposition, hearing or other proceeding, the attorneys for the parties shall make arrangements or, when appropriate, request the Court to make arrangements to insure that only qualified persons are present during such presentation, quotation, or reference. The application of

this paragraph is, for the present, limited to pretrial proceedings.

11. If any party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing, sending a copy to Liaison Counsel and, if applicable, to Third-Party Defendant Liaison Counsel. To preserve its "Confidential" designation, the producing party, within ten (10) days after receipt of any such notice, must apply to the Court for a ruling that the discovery material objected to shall be treated as designated, and notice of such application shall be provided to all other parties. If no such application is made, the discovery material will cease to be treated as designated. If an application is made, until this Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as designated and protected as provided in this Order.

12. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

(a) Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

(c) Prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or

(d) Prejudice in any way the rights of a party to apply to the Court for a further protective order relating to any confidential information.

13. This Order has no effect upon, and its scope shall not extend to, any party's use of its own discovery material.

14. In the event additional persons become parties to this litigation, they shall not have access to confidential information produced by or obtained from any other party to this action until the newly joined party, by court order, has been made subject to this Protective Order.

15. Upon conclusion of this litigation, all confidential discovery materials supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party witness or such discovery material shall be certified to have been destroyed.

16. The Court may enter such other and further relief as it deems appropriate, and this Order is without prejudice to the right of any party to apply for such relief.

598

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

In re ALEXANDER GRANT & CO. )
LITIGATION ) Master File No.
 )
_____ )
 )
This Document Relates To: )
ALL ACTIONS )
 )
_____ )