**Beverly AIRHEART and Robert Airheart, Plaintiffs,**

v.

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Defendant.**

**Civ. No. 89–5055.**

United States District Court, D. South Dakota, W.D.

Dec. 13, 1989.

Patrick Duffy, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for plaintiffs.

Arlo Sommervold, Woods, Fuller, Shultz & Smith, Sioux Falls, S.D., for defendant.

MEMORANDUM OPINION
AND ORDER

BATTEY, District Judge.

NATURE AND
PROCEDURAL HISTORY

This is a diversity action brought by the plaintiffs Beverly Airheart and Robert Airheart (Airheart) against the defendant Chicago and North Western Transportation Company (C & NW) for punitive and compensatory damages arising out of a collision between the Airheart motor vehicle and the train operated by C & NW occurring on February 7, 1989, at Sturgis, South Dakota. The Airheart vehicle was driven by Beverly Airheart and riding as passengers in the vehicle were Shelli Houchin and James Walker, minors. All three occupants of the Airheart vehicle were injured and required medical treatment and/or hospitalization.

Airheart commenced this action against C & NW in the Eighth Judicial Circuit of the County of Meade, State of South Dakota. Airheart seeks compensatory and punitive damages arising out of the collision.

The action was removed to this Court pursuant to 28 U.S.C. § 1332. The minor passengers Shelli Houchin and James Walker are not parties to this action, nor have they instituted suit against either Airheart or C & NW.

American Family Insurance Group (American Family) is a nonparty insurer of the Airheart vehicle. Upon being notified of the motor vehicle/train collision involving its insured, American Family proceeded to complete an investigation of the facts and circumstances of the collision.

During the discovery phase of this action, C & NW served a subpoena upon American Family employee Ann Mueller for the purpose of taking her deposition. The deposition was scheduled for November 7, 1989. The subpoena requested that Ann Mueller bring with her:

> Any and all papers, documents, records and reports of any kind made in the regular course of business in the investigation of an automobile/train collision that occurred on February 7, 1989 involving an automobile operated by Beverly Airheart and a train owned and operated by Chicago and North Western Transportation Company.

American Family on October 26, 1989, moved the Court for a protective order pursuant to Fed.R.Civ.P. 26(c), asserting that the information requested was overly broad, vague, and beyond the scope of discovery under Fed.R.Civ.P. 26(b)(1) or if it be found to be within the scope of the rule that it was protected information pursuant to Fed.R.Civ.P. 26(b)(3).

Thus the Court is presented with two issues, namely: (1) the scope of the subpoena and (2) whether the work product doctrine applies. American Family has voluntarily provided relevant portions of the file such as medical records of Beverly I. Airheart, pictures of the accident scene, pictures of the damaged vehicle, police reports, and information concerning damage to the plaintiffs' vehicle. Thus the Court is faced with the issue as it relates to the remainder of the file not voluntarily surrendered.

Following receipt of the motion for protective order, the Court, on October 30, 1989, temporarily quashed the scheduled deposition of November 7, 1989, pending resolution of this matter. A status hearing was held in chambers for the purpose of procedurally preparing the matter for the resolution by the Court. On that date, the Court's notes indicate that the Court orally reserved ruling on the motion pending receipt of a "Vaughn Index"[1] to be submitted by American Family after receipt of which the Court would then review the file which had been submitted to the Court *in camera*. The Vaughn Index was received by this Court on November 20, 1989. The index was separated by subject matter and consisted of sections A to L inclusive.

During the discussion between counsel and the Court on November 7, 1989, the Court cited the cases of *Diversified Indus. v. Meredith*, 572 F.2d 596 (8th Cir.1978) (work product); *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160 (D.Minn.1986) (work product); and *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Co.*, 123 F.R.D. 198 (M.D.N.C.1988) (description of and purpose for a Vaughn Index). Appropriate briefing has been provided the Court by nonparty American Family and defendant C & NW.

### DISCUSSION

#### (a) Work Product

■ Unlike the attorney-client privilege, the application of which is determined in accordance with state law in diversity actions,[2] work product protection questions are determined by federal courts applying federal law even in diversity cases.

Decisions concerning work product are not governed by Fed.R.Evid. 501 which

---

1. *See Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Co.*, 123 F.R.D. 198 (M.D.N.C.1988). The Vaughn Index submitted by American Family was incomplete in that while it itemized each document and provided a factual summary, it failed to provide a "justification for withholding it." *Id.* at 203. The Court, however, holds that such failure is not fatal to American Family's motion.

2. Rule 501 of the Federal Rules of Evidence provides that evidentiary privileges are to be determined in accordance with state law in diversity actions. *See also Simon v. G.D. Searle & Co.*, 816 F.2d 397, 402 (8th Cir.1987).

mandates the application of state law with respect to determination of testimonial or evidentiary privileges in diversity cases. The work product doctrine is designed to protect "written statements, private memoranda and personal recollections repaired or formed by an adverse party's (counsel) in the course of his legal duties."

*Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947).

The work product doctrine had its genesis in *Hickman v. Taylor* and is now fully expressed in Rule 26(b)(3) of the Federal Rules of Civil Procedure which provides: "A party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials." Since work product does not fall within the ambit of privileges encompassed by Rule 501 of the Federal Rules of Evidence, even if material is classified as work product it nonetheless may be discoverable providing the criterion of "substantial need" is met.

■ The Court has examined the various approaches taken by the courts in applying the work product doctrine as it relates to insurance claim files. One approach was adopted in *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D. Ill.1972) (protection is denied to insurance reports prepared after an accident that may generate a potential claim). Another approach was adopted in *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 773–74 (M.D.Pa.1985) (liberal grant of work product protection to such items as may be produced in the wake of an accident likely to be litigated). A third approach is one which is based upon a case-by-case analysis. In this approach the Court considers the factual content of the problem faced in each separate case following neither of the approaches set forth in *Thomas Organ Co.* or *Basinger. See Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. at 164. The Court has been unable to find a specific Eighth Circuit case adopting any one of these approaches. The Court believes that if

presented with this issue, the Eighth Circuit Court of Appeals would follow the case-by-case approach. *Id.; Simon v. G.D. Searle & Co.*, 816 F.2d 397 (8th Cir.1987).

In *Simon*, Circuit Judge Wollman took such an approach in discussing the work product doctrine. He stated that the doctrine does not protect documents from discovery unless they were prepared in anticipation of litigation. He stated further, "Our determination of whether the documents were prepared in anticipation of litigation is clearly a factual determination."

While the work product doctrine is intended to protect from disclosure materials prepared in anticipation of litigation, nonetheless, the mere possibility or even the likely chance of litigation does not trigger the protection of the doctrine. *Diversified Indus.*, 572 F.2d at 604.

■ Analyzing the claim in this case with a view toward applying the case-by-case analysis, the Court does conclude that documents A to L inclusive as set forth in the Vaughn Index are not subject to the claim of work product. It is the Court's opinion that the documents prepared by American Family were not in anticipation of litigation or for trial as contemplated by the Federal Rules of Civil Procedure. This is true even though they may eventually used for that purpose. The very business of American Family is to conduct the type of investigation performed in order to fulfill a contractual responsibility to its insured. *Cf. McFadden v. Norton Co.*, 118 F.R.D. 625 (D.Neb.1988). While litigation is a possibility, it is not a certainty. The mere fact that litigation may result later does not automatically protect the file with the work product doctrine. *Hamed v. General Accident Ins. Co.*, 112 F.R.D. 213, 216 (N.D.Ind.1986). Indeed, one of the purposes of an early investigation is to establish contact with a potential claimant with a view toward keeping the case "under control" and therefore avoid litigation. American Family has ongoing contacts with the minor children passengers of the Airheart vehicle for this very purpose.

The Court's finding that American Family's claim of work product is not valid does

not end the matter. There remains the issue of relevancy under Fed.R.Civ.P. 26(b)(1).

#### (b) Relevancy

The motion of the nonparty insurer American Family alleges that the "information [requested] is overly broad, vague and beyond the scope of discovery under F.R. C.P. 26(b)(1)."

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part:

[I]n general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . .

Certain matters contained in the investigation file, therefore, may be either relevant or of such a nature as to lead to the discovery of relevant evidence. Therefore, since the Vaughn Index is incomplete (see footnote 1) as to this issue, the Court will grant American Family fifteen days in which to supplement the Vaughn Index detailing the evidence which it claims is immaterial, thereby justifying to the Court the reasons for withholding the documents, and filing additional legal memorandum on the issue of materiality. The defendant C & NW will be provided with an additional fifteen days in which to respond. American Family shall have five days thereafter in which to reply.

IT IS SO ORDERED.