**AUTO OWNERS INSURANCE COMPANY, Plaintiff/Counterclaim Defendant,**

v.

**TOTALTAPE, INC., Defendant/Counterclaim Plaintiff.**

**No. 89–955–CIV–T–13C.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 16, 1990.

Janet L. Brown, Orlando, Fla., for plaintiff/counterclaim defendant.

C. Steven Yerrid, Henry E. Valenzuela, Yerrid, Knopik & Valenzuela, P.A., Tampa, Fla., for defendant/counterclaim plaintiff.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of defendant's Motion to Compel Auto Owners' Complete Response to First Request for Production (Dkt. 26) and plaintiff's response thereto. (Dkt. 34)

The documents in dispute requested by defendant are:

(1) Correspondence, inter-office memoranda and telephone messages between Aug. 10, 1987, and July 5, 1989, listed in "Exhibit A" to the Motion to Compel (Requests 1, 2, and 3);

(2) The plaintiff's claims file (Request 14); and,

(3) The plaintiff's claims manuals or guidelines for business interruption claims. (Requests 5 and 6).

Plaintiff objects on work product grounds to producing documents. in response to Requests 1, 2, 3 and 14. As to Requests 5 and 6, plaintiff contends that the documents are protected by the trade secret privilege and the work product doctrine.[1]

### I. Requests 1, 2, 3, and 14

Plaintiff argues that Requests 1, 2, 3, and 14 seek protected work product. Plaintiff cites *United States Fire Insurance Company v. Clearwater Oaks Bank*, 421 So.2d 783 (Fla. 2d DCA 1982), for the proposition that until the right of coverage is first established, a party claiming to be an insured cannot compel disclosure of work product or privileged matters in its claim file. Because defendant has filed a claim for coverage under the policy, plaintiff argues, defendant cannot compel disclosure of plaintiff's work product.

In addition, plaintiff cites Florida state court decisions and one federal district court opinion which have held that mental impressions of insurance investigators and attorneys contained in claims files were protected work product.

■ While Rule 501, Fed.R.Evid. provides that Florida law of *privilege* governs in a federal diversity suit, the work product doctrine is a limitation on discovery in federal cases and federal law provides the primary decisional framework. *See Hickman v. Taylor*, 329 U.S. 495, 512, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947); *Airheart v. Chicago and North Western Transp. Co.*, 128 F.R.D. 669, 671 (D.S.D.1989). Therefore, plaintiff's Florida state court cases on discoverability of claims files are not binding.

■ The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative (including its attorney). *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir.1979); Rule 26(b)(3), Fed.R.Civ.P. The party resisting discovery bears the burden of demonstrating the applicability of the work product doctrine. *See BarclaysAmerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir.1984). Plaintiff's argument that the "very nature" of the documents precludes their discovery is simply insufficient.

■ Plaintiff's federal district court case, *Joyner v. Continental Ins. Companies*, 101 F.R.D. 414 (S.D.Ga.1983), is distinguishable regarding that court's consideration of the work product issue. In *Joyner*, defendant submitted for the court's review the affidavit of an insurance adjuster involved in the investigation in support of its contention that certain documents were prepared in anticipation of litigation. *Id.* at 416–417. The *Joyner* court also cited with approval *Carver v. Allstate Ins. Co.*, 94 F.R.D. 131, 134 (S.D.Ga.1982) in which the court, following review of available claims adjusters' depositions, held that mental impressions in investigatory reports need not be produced. *Joyner*, 101 F.R.D. at 417; *see also Lett v. State Farm Fire and Cas. Co.*, 115 F.R.D. 501, 503 (N.D.Ga. 1987) (court held deposition of claims investigator supported contention that documents were created in anticipation of litigation). While the *Joyner* court ultimately ordered that mental impressions and opinions be excised from documents ordered produced, the court had some information before it, i.e. the adjuster's affidavit.

By contrast, in this case the items listed in Exhibit "A" to defendant's motion to compel, from a list provided by plaintiff, do not identify in sufficient detail the authors of the memoranda or their content. In addition, plaintiff attaches no affidavits in support of its contention that the documents in this list were prepared in anticipation of litigation. *See Taroli v. General Elec. Co.*, 114 F.R.D. 97, 99 (N.D.Ind.1987),

---

1. Although plaintiff originally objected, in part, on attorney-client privilege grounds, plaintiff has apparently abandoned this objection as its response brief does not show how any of the requested material is protected by that privilege.

*aff'd. without opinion* 840 F.2d 920 (7th Cir.1988) (claims that litigation became a realistic possibility at a certain time will normally have to be supported by affidavits giving specific factual detail). Further, plaintiff identifies no particular deposition testimony supporting the position that the documents listed in Exhibit "A" were prepared in anticipation of litigation.

Accordingly, the undersigned concludes that plaintiff has failed to show that the documents listed in Exhibit "A" to defendant's motion as responsive to defendant's Requests 1, 2, and 3 are protected work product.

■ Plaintiff has withheld the claims files sought in Request 14 on work product grounds. The trend in lower federal courts is to analyze work product claims concerning insurance claims files on a case by case basis while recognizing that the proponent bears the burden of establishing the doctrine's applicability. *See Lett,* 115 F.R.D. at 503; *Airheart,* 128 F.R.D. at 671–672; *Pete Rinaldi's Fast Foods v. Great American Ins. Companies,* 123 F.R.D. 198, 202 (M.D.N.C.1988). Plaintiff has argued that the nature of claims files precludes their discovery and that the mental impressions of claims adjusters are included. Plaintiff has offered to submit the documents for *in camera* inspection. Because the undersigned concludes that plaintiff waived work product protection for the claims files, as is set forth below, it is unnecessary to conduct such a review.

■ Defendant contends that any privilege regarding the claims files at issue in request 14 was waived by plaintiff's fire and marine claims manager Edward A. Keene's reference to and review of the files during his deposition. Defendant argues that *Wheeling–Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.,* 81 F.R.D. 8 (N.D.Ill.1978) expands the application of Rule 612, Fed.R.Evid., to depositions and gives the court discretion to allow an adverse party to inspect a writing used by a witness to refresh his memory before or while testifying. This contention is sup-ported by decisions of other lower federal courts. *See e.g. In re Joint Eastern & Southern Dist. Asbestos Lit.,* 119 F.R.D. 4, 5 (E.D. & S.D.N.Y.1988).

In opposition, plaintiff cites *Merlin v. Boca Raton Community Hospital, Inc.,* 479 So.2d 236 (Fla. 4th DCA 1985), which held that notes prepared in contemplation of litigation or during litigation and kept confidential prior to review by the deponent were privileged and not discoverable. The undersigned finds *Merlin* distinguishable because the deponent in that case did not use notes to refresh his recollection during the deposition. *Id.* at 238. Here, it appears that Mr. Keene repeatedly reviewed the two claims file binders during the deposition. *See* Deposition of Edward Keene, attached to Totaltape's Notice of Filing in Support of its Memorandum of Law in Support of Motion to Compel (Dkt. 30), pp. 91, 113–114, 126.

Balancing the interest in disclosure with the concern of preserving work product, the undersigned concludes that plaintiff must produce the files compiled in the binders reviewed by Mr. Keene during his deposition.[2] *See In re Joint Eastern & Southern Dist. Asbestos Lit.,* 119 F.R.D. at 5 (setting forth balancing test when writings used to refresh recollection at deposition). A review of Mr. Keene's deposition reveals that defendant could not obtain the substantial equivalent of the contents of the claims files from examination of the witness without reference to the files. Further, plaintiff has made an insufficient showing that the claims files contained "mental impressions, conclusions, opinions or legal theories of an attorney or other representative" concerning the litigation, information which deserves special protection under Rule 26(b)(3), Fed.R.Civ.P.

## II. Requests 5 and 6

■ Requests 5 and 6 seek plaintiff's claims manuals or guidelines for business interruption claims. Plaintiff resists discovery of these items and related doc-

---

**2.** It appears that Mr. Keene examined the entire claims files contained in the two binders reviewed at his deposition. Deposition of Edward A. Keene, p. 4.

uments on the grounds that they are trade secrets under Fla.Stat. § 90.506 and work product under state court precedent.[3]

The undersigned concludes that the claims manuals and guidelines for interpreting policy provisions were created in the ordinary course of plaintiff's business and are, therefore, not protected from disclosure by the work product doctrine. *See APL Corp. v. Aetna Cas. & Sur. Co.*, 91 F.R.D. 10, 15; *see generally Fann v. Giant Food, Inc.*, 115 F.R.D. 593, 596 (D.D.C. 1987) (documents created in ordinary course of business not work product). Plaintiff has not shown that these manuals and guidelines were created in anticipation of some likely litigation. *See In re Grand Jury Proceedings*, 73 F.R.D. 647, 653 (M.D. Fla.1977).

With respect to plaintiff's trade secret argument, Florida Statutes, § 90.506 provides as follows:

A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by him if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or his agent or employee.

Section 90.506, Fla.Stat. provides an evidentiary privilege protecting trade secrets. Under Rule 501(c), Fed.R.Evid., Florida privilege law controls in this declaratory judgment action for which Florida law provides the rule of decision. Therefore, defendant's federal case law does not apply.

According to the first paragraph of the Florida Law Revision Council Note for § 90.506, the statute is intended to extend Rule 1.280(c)(7), Fla.R.Civ.P. to evidentiary matters at trial. Rule 1.280(c)(7), Fla.R. Civ.P. is identical to Rule 26(c)(7), Fed.R. Civ.P. which permits the court to issue a protective order "that a trade secret or other confidential or commercial information from disclosure not be disclosed or be disclosed only in a designated way." The Florida trade secret provision cited above also provides for the entry of a protective order when disclosure is ordered.

■ The trade secret privilege is, however, not absolute under Florida law and the court may order production if the balance tips in favor of promoting the interests of facilitating the trial and doing justice as opposed to the interests of the claimant in maintaining secrecy. Paragraph two, Law Revision Council Note, § 90–506.

■ The purpose underlying the trade secrets privilege is "to prohibit a party to a suit from obtaining valuable information that could be used to its own advantage, relying upon the duty of a witness to answer questions truthfully." *Freedom Newspapers, Inc. v. Egly*, 507 So.2d 1180, 1184 (Fla. 2d DCA 1987).

■ The undersigned finds it unlikely, in this declaratory judgment suit between an insurer and its insured, that defendant could obtain any competitive advantage over plaintiff as a result of obtaining the claims manuals and guidelines through discovery. As in *Freedom Newspapers*, defendant appears to have "no real interest in the business techniques" of plaintiff. The parties are not competitors. Plaintiff cites no Florida cases holding claims manuals trade secrets suits such as the case at bar, nor has research disclosed the existence of any such authority. Therefore, the Florida trade secret privilege does not protect the claims manuals from discovery.[4]

---

**3.** Plaintiff appears to have abandoned its objections that the requests are overly broad, vague and not sufficiently limited in time and geographical area as it fails to address these contentions in its opposition brief. Similarly, plaintiff has waived any objections to the relevancy of the documents requested by failing to assert the objection in its opposition brief.

**4.** Although plaintiff has not raised the issue of relevancy as to the manuals and guidelines, the undersigned finds them relevant for discovery purposes to defendant's breach of contract counterclaim.

However, the undersigned concludes that plaintiff has shown good cause that the documents at issue are sufficiently sensitive to warrant the issuance of a protective order under Rule 26(c)(7), Fed.R.Civ.P. addressing the maintenance of confidentiality.

Therefore, the claims manuals or guidelines for business interruption claims requested are discoverable subject to the entry of a protective order limiting disclosure of the documents responsive to requests 5 and 6 as confidential produced during discovery along the lines of the order entered in *In re: Alexander Grant & Co.*, 820 F.2d 352 (11th Cir.1987), *aff'g* 629 F.Supp. 593 (S.D.Fla.1986) (quoting terms of protective order).

Accordingly, defendant's motion is granted as to requests 5 and 6 subject to the entry of a protective order with regard to which the parties shall confer and within twenty (20) days of the date of this order submit a joint proposed protective order as set forth above.

It is, therefore,

ORDERED:

(1) that defendant's Motion to Compel Auto Owners' Complete Response to First Request for Production (Dkt. 26) is GRANTED as to Requests 1, 2, 3 and 14 as set forth in the body of the order; GRANTED as to requests 5 & 6 subject to ,the entry of a protective order at a later date following submission by the parties of a proposed joint protective order.

(2) that the parties shall confer and within twenty (20) days of the date of this order, file a joint proposed protective order along the lines of the order entered in *In re: Alexander Grant & Co.*, 820 F.2d 352 (11th Cir.1987), *aff'g* 629 F.Supp. 593 (S.D. Fla.1986) (quoting terms of protective order).

DONE and ORDERED.