Gerda W. DIPIETRO

v.

JEFFERSON BANK, et al.

Civ. A. No. 91–7963.

United States District Court,
E.D. Pennsylvania.

Nov. 4, 1992.

---

Lewis Kates, Lewis Kates Law Offices, Philadelphia, Pa., for plaintiff.

Saul Krenzel, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

In this action, plaintiff has filed suit against defendants alleging defamation, wrongful discharge, intentional infliction of emotional distress, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). On April 15, 1992, defendants served a First Set of Interrogatories and Request for Production of documents on plaintiff. Although the parties stipulated that plaintiff's answers would be due on or before August 25, 1992, plaintiff did not file responses until September 14, 1992.

Defendants filed the instant motion to compel on September 18, 1992, seeking more specific answers to certain interrogatories [1] as well as responses to their First Set of Document Requests, which plaintiff admits have not been filed. Plaintiff opposes the motion to compel more specific responses asserting that the responses are complete as given, and there is no further responsive information to add. Plaintiff does not oppose the motion as to the document requests, admitting that she is delinquent in filing responses to the requests. Plaintiff states that she will respond to the document requests immediately.

## Discussion

Plaintiff has not objected to the substance of any of the interrogatories. Plaintiff also fails to allege that defendants are not entitled to any of the information at issue in the motion to compel, nor does plaintiff raise any claim of prejudice. The present dispute involves only the propriety of the form of plaintiff's answers to several of the interrogatories. Therefore, no discussion of the relevance of the interrogatories themselves is necessary.

■ Defendants first contend that plaintiff's answer to interrogatory 3(c) is deficient. That interrogatory reads as follows:

> 3. [Identify] how you calculated each item of damage claimed.

Plaintiff responded to this interrogatory by stating:

> By analysis and consultation with others. Plaintiff's income for 1991 and each year thereafter would have increased an average of 13% for merit and costs of living; Plaintiff would've worked until age 70; Plaintiff has been unable, despite delinquent[sic?] effort, to obtain other employment in her chosen field or other employment and it is unlikely she shall be able to obtain other employment in the banking industry; substitute employment, when available, would be at a substantial numerical reduction.

Defendants contend that this response is deficient because it fails to "provide the mathematical analysis and damage calculation utilized ... for the damages claimed", because it fails to identify who the "others" were who consulted with plaintiff, and because it fails to identify how the 13% annual increase figure was calculated. Memorandum in Support at 2. Defendants' allegation is not without merit. The interrogatory clearly calls for a more detailed answer, asking plaintiff to identify *"how* [she] *calculated* each item of damage ..."* (emphasis added). Defendant's First Set of Interrogatories at 12. Further, this interrogatory seeks highly relevant information, as defendant cannot respond to plaintiff's damage claims if the basis of those claims is unknown. To the extent possible, plaintiff should list what factors were included in her calculations and what formulae were applied in order to give de-

---

**1.** Specifically, defendants seek to compel more specific answers to interrogatories nos. 3(c), 8, 10, 11, 17, and 18.

fendant a reasonable opportunity to rebut plaintiff's damage analysis. To the extent that the individuals who consulted with plaintiff are identified in another answer, plaintiff should give their names, and state specifically in which answers they are identified.

Interrogatory no. 8 asks plaintiff to:

Identify any and all means used in finding employment since your discharge at Jefferson Bank.

a) identify the names, addresses and telephone numbers of all persons who possess any knowledge of the facts and events set forth in response to interrogatory # 8 above; and

b) identify any and all documents, records and/or other tangible evidence which concerns, refers and/or relates to the facts and events set forth in response to interrogatory 8 above.

Plaintiff responded to no. 8 by stating, "Direct application in response to advertisements, solicitation, and use of employment agencies." Defendants do not appear dissatisfied with this answer, but claim that plaintiff's answers to both subparts (a) and (b) are deficient.

■ Plaintiff's answer to subpart (a) was: "plaintiff; personnel at entities identified in answer to interrogatory 4". Defendants allege this answer to be insufficient because plaintiff does not identify the employment agencies which, in response to interrogatory no. 8, she stated were used. Although plaintiff claims she has identified all employment agencies which were used, after a review of the list of entities identified in answer to interrogatory no. 4, it does not appear that any employment agencies were identified therein. To the extent that plaintiff has not identified all employment agencies or other entities responsive to interrogatory 8(a), she will be ordered to do so. To the extent that the identity of any such entities appears in response to another interrogatory, plaintiff shall state the name of the entity and state with specificity where the identification of that entity appears.

■ In response to interrogatory 8(b), which requested the identity of all documents relating to interrogatory 8, plaintiff responded:

None other than records that may have been maintained by those to whom Plaintiff made application or where plaintiff was interviewed.

Defendants state that this answer is deficient because, "Clearly plaintiff must possess documents such as her resume and coverletter ..." and that "it is unlikely that plaintiff does not have any records of her applications with the employment agencies ...". Plaintiff has asserted in the answer to the interrogatory and the response to the motion to compel that, for whatever reason, she has no such documents. Plaintiff cannot be compelled to produce what she does not possess, and the motion will therefore be denied as to interrogatory 8(b).

Defendants also seek to compel more specific answers to Interrogatory nos. 10, 11, 17, and 18. Interrogatory no. 10 asks plaintiff to identify the dates, times, and location that each person employed by Jefferson Bank who plaintiff claims to have slandered or defamed her, did so. Plaintiff answered by referring defendants to paragraphs 19, 21, 50, and 52 of her amended complaint. Defendants complain that this answer is insufficient, citing three cases, *D.B. King v. E.F. Hutton and Company, Inc.,* 117 F.R.D. 2 (D.D.C.1987); *Atlanta Coca Cola Bottling Company v. Transamerica Insurance Company,* 61 F.R.D. 115, 120 (N.D.Ga.1972); and *Convergent Business Systems, Inc. v. Diamond Reporting Inc.,* C.A. No. 88–2329, 1989 Westlaw 92038, WLOP at 1, Amon, USM (E.D.N.Y. Aug. 3, 1989), which stand for the proposition that a party may not answer an interrogatory by reference to a pleading, specifically, in this case, the complaint. The courts reasoned in part that because a complaint or other pleading is generally unsworn and cannot be used in consideration of a summary judgment or other dispositive motion, it is improper to allow a party to incorporate such a pleading by reference in response to interrogatories. Plaintiff claims that since her complaint has been sworn, this concern is not

applicable and defendants' cases are therefore not controlling.

 A review of the case law indicates that courts generally do not distinguish between sworn and unsworn documents in holding reference to such documents unresponsive. The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents. *See* 4 J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice (2d ed. 1989) ¶ 33.25[1]. Courts have held that even reference to sworn deposition testimony is an insufficient response to an interrogatory. *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 650 (N.D.Ind.1991); *see also International Mining Co., Inc. v. Allen & Co., Inc.*, 567 F.Supp. 777, 787 (S.D.N.Y.1983). Hence, the fact that plaintiff's complaint is sworn does not make it any more acceptable to answer an interrogatory solely by referencing paragraphs of that sworn complaint. "Answers to interrogatories should be in such form that they may be used upon a trial, as Rule 33 Contemplates." *International Mining*, 567 F.Supp. at 787; Moore's Federal Practice, *supra* at note 7.

Therefore, plaintiff will be ordered to file answers to interrogatories nos. 10, 11, 17, and 18 which specifically respond to the interrogatories as stated without incorporation of other pleadings, depositions or documents.

Defendants also seek to compel responses to their first set of document requests. Plaintiff admits that her failure to respond was an oversight and agrees to correct it immediately. Clearly, the motion should be granted as to the document requests.

Finally, defendants seek an award of costs involved in the filing of the instant motion. Federal Rule of Civil Procedure 37(a)(4) grants a federal court power to grant to the moving party an award of expenses incurred in the filing of the motion if the court finds that the opposition to the motion was not substantially justified. In the instant case, although several of plaintiff's interrogatory answers are lacking in completeness or specificity, this Magistrate Judge does not find plaintiff's actions to be so completely deficient under the law as to be unjustified. Further, since plaintiff did not oppose the motion as to the document requests, fees are not an issue as to that portion of the motion. Further, Fed.R.Civ.P. 37(a)(4) states:

> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Since defendants' motion will be granted in part and denied in part, this Court orders that the parties shall each bear their own expenses in the filing of the motion and the opposition thereto.